**James JACKSON, et al., Plaintiffs,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. H–88–3549.**

United States District Court, S.D. Texas, Houston Division.

June 26, 1991.

---

5. Fed.R.Civ.Pro. 1.

Timothy B. Garrigan, Stuckey & Garrigan Law Offices, Nacogdoches, Tex., for plaintiff—James Jackson.

Manuel Porro–Vizcarra, Asst. U.S. Atty., Houston, Tex., for defendants—Ball, Hobbs, and Burden.

## MEMORANDUM AND RECOMMENDATION

FRANCES H. STACY, United States Magistrate Judge.

Before this Court is the issue of the sufficiency of process, and service of process, raised in the individual Defendants' Motion to Dismiss, instrument # 44. Concurrently, we consider whether the Defendants waived this defense, as raised in Plaintiff's Instrument # 23. After considering the pleadings on file, affidavits, arguments of the parties and relevant law, the Court RECOMMENDS that Defendants' motion be GRANTED.

### I. STATEMENT OF FACTS

The United States owns the Sam Houston National Forest which is spread across Walker, Montgomery and San Jacinto counties in southeast Texas. Our focus is on the Four Notch Area, consisting of 5,600 acres of land, southeast of Huntsville, Texas. The Four Notch area is notable in that it represents an ecologically diverse hard-

wood/pine forest, contains eighty to ninety year old pines, and provides habitat for the red-cockaded woodpecker. However, all is not well with the forest.

An infestation by southern pine beetles has prompted the National Forest Service (NFS) to promulgate a long range management plan. Pursuant to the National Environment Policy Act (NEPA), an environmental impact statement was prepared by the Forest Service in 1978, in conjunction with its long range plan. The method it has chosen to deal with the beetle infestation lies at the heart of the events giving rise to this cause of action, i.e. clear-cutting practices. This agency action has withstood judicial review. *State of Texas v. United States Forest Service*, 654 F.Supp. 296 (S.D.Tex.1987); *State of Texas v. U.S.F.S.*, 654 F.Supp. 289 (S.D.Tex.1986).

Reforestation efforts at Four Notch began in October, 1986. On October 21, 1986, members of the environmental group "Earth First", in protest to the clear-cutting practices being employed by the USFS, took steps to interfere with and stop temporarily the clear cutting work. The Plaintiff is a member of that group.

The record indicates that a number of the "Earth First" members stopped the progress of the clear-cutting machine by running back and forth in front of it. Upon stopping this machine each of several members set upon a specific course of action. While several chained themselves to trees and one to the machine itself, Mr. James Jackson, the Plaintiff, climbed a tree adjacent to the machine. Meanwhile, with the media present, the protest continued.

Earth First members on the ground carried signs of protest. Mr. Jackson's shirt carried similar language, as did the banner that he unfurled and tied to the tree, which he occupied. USFS law enforcement officers came upon the scene and placed Mr. Jackson under arrest.

However, Mr. Jackson refused to climb down from the tree. After some time had elapsed, and in order to secure the capture of Mr. Jackson, the USFS law enforcement officers proceeded to chop down the trees in which the Plaintiff was situated. Mr.

Jackson was seized and placed in the custody of the law enforcement officials. The accounts of the events of the seizure differ significantly. Mr. Jackson alleges that the tree he occupied came crashing down, resulting in severe injury to his knee. On the other hand, the Defendants, the United States, and officers Billy Ball, Doug Hobbs and Otis Burden, contend that the tree merely leaned over, allowing them to safely pluck Mr. Jackson from the tree and set him on his feet on the ground.

On October 11, 1988, Mr. Jackson filed his complaint against the United States, and the USFS officers named above, both in their official and individual capacities. Subsequently, this motion was generated and the parties now seek relief under this dispositive motion.

## II. DEFENDANTS' MOTION TO DISMISS, BY REASON OF OF INSUFFICIENCY OF PROCESS OR SERVICE OF PROCESS, IS NOT APPROPRIATE

### A. Waiver of Defense or Objection

■ The individual Defendants, Hobbs, Burden, and Ball, contend that the Plaintiff has failed to perfect service on them. Mr. Jackson, the Plaintiff, however contends alternatively that either the Defendants have waived this objection or defense, or that in any event, the Defendants were properly served. We first address whether the individual Defendants waived this defense.

Rule 12(b)(4) and (5) of the Fed.R.Civ.P. provide in pertinent part: "Every defense, in law or fact, to a claim for relief ... shall be asserted in the responsive pleading ... if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (4) insufficiency of process, [and] (5) insufficiency of service of process. A motion making any of these offenses shall be made before pleading if a further pleading is permitted.... No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion...." (emphasis added).

Rule 12(g) provides: "A party who makes a motion under this rule may join with it any other motions ... then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party ..., the party shall not thereafter make a motion based on the defense ... so admitted...." (emphasis added). Rule 12(h)(1) further states: "A defense of ... insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in (g)...."

We next turn to the record which reflects the following chronology. Plaintiff's original complaint, Instrument # 1, was filed on October 11, 1988. Process on Defendants, Instrument ## 3–7 were filed with the Clerk of the Court on October 13, 1988. Messrs. Ball, Hobbs, and Burden then filed a pre-answer Motion for 60 Day Response Date, Instrument # 2, on November 9, 1988. The Defendant's original Answer, Instrument # 9, followed on January 9, 1989.

The clear language of R.12(b) requires that the defense of insufficiency of process or insufficiency of service of process be made before or concurrently with the responsive pleading, either by motion or within the responsive pleading. In this instance the first responsive pleading is the Defendants' original answer. While the Defendants' answer fails to raise these defenses or objections, their pre-answer Motion for 60 Day Response Date attempts to specifically reserve them. Thereafter, each of the Defendants' rule 12 motions, Instruments ## 10 and 12, contain similar reservation language. The defense is finally raised in Instrument # 21. Thus the question arises whether the Defendants may specifically reserve these defenses. This Court concludes that they may.

A survey of the case law provides little guidance. While no case on point is found in the Fifth Circuit, we turn to the Tenth Circuit's *Panhandle Eastern Pipeline Co. v. Brecheisen*, 323 F.2d 79 (10th Cir.1963). In this contract action brought by Panhandle against a lessor, the lessor included the following language in his original answer: "By fully answering herein, Defendant does not waive and hereby specifically reserves ... the following defenses: ... insufficiency of process [and] insufficiency of service of process...." *Panhandle* at 81. The Court went on to hold, these reservations valid, finding no merit in the contention that the reservations failed to give fair notice to *Panhandle* of the nature of the invalidity. The Court stated, "There is no mandate in the wording of Rule 12(b) that requires pleading other than by conclusion...." *Panhandle* at 83.

Similarly, the specific reservation of Rule 12(b) defenses in the present case is sufficient to provide fair notice to Mr. Jackson and to have given him ample time to ... "discover, correct, and perfect [his] service." *Panhandle* at 83. Additionally, the spirit of the 1966 Amendments to Rules 12(g)(h) are not violated by such a construction. See Notes of Advisory Committee on Rules, 1966 Amendment.

For the foregoing reasons, the Court RECOMMENDS that Mr. Jackson's argument of waiver be DENIED.

### B. Sufficiency of Process, Service of Process

■ We turn to Instrument # 21, "The Individual Federal Defendants Motion to Rule 4(j), F.R.C.P. [ & ] Motion Under Rule 12(b), F.R.C.P." (sic). This Rule 12 motion is urged only on behalf of the individual Defendants, thus, the United States and Mr. Ball, Mr. Hobbs, and Mr. Burden, in their official capacities, waive this defense. As to the individual defendants, two arguments are raised: (1) Plaintiff has failed to comply with the letter of the law of Rule 4, and (2) pursuant to Rule 4(j), since service has not been properly made within 120 days, the action should be dismissed.

Fed.R.Civ.Proc. Rule 4(c)(2)(C) provides in pertinent part:

"A summons and complaint may be served upon a Defendant ...

(i) pursuant to the law of the state in which the district court is held for the service of summons ... upon such Defendant ..., or

(ii) by mailing a copy of the summons and of the complaint ... to the person to be served, together with two copies of a notice and acknowledgement conforming substantially to Form 18–A and a return envelope, postage prepaid, addressed to the sender. If no acknowledgement ... is received by the sender [alternative methods are available]."

For service pursuant to Fed.R.Civ. 4(c)(2)(C)(i), the Texas Rules of Civil Procedure provide:

TX.R. 103 "Citation and other notices may be served anywhere by ... (2) by any person authorized by law ... who is not less than eighteen years of age. **No person who is** a party to or **interested in the outcome of** a suit shall serve any process...." (emphasis added).

TX.R. 106 "... the citation shall be served by any **person authorized by R. 103** by ... (2) mailing to the Defendant by ... certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." (emphasis added).

The Defendants correctly point out that the Fifth Circuit adopts a very strict reading of Rule 4. While the complexity of the rule has prompted a re-writing, potentially to be adopted in the near future, we must work within its present guidelines. Mr. Jackson, in the first instance states that service was validly effected under Texas law on all three officers pursuant to R. 4(c)(2)(C)(i). He contends that, in any event, service upon Mr. Burden was properly effectuated pursuant to R. 4(c)(2)(C)(ii). This Court concludes that in either case, service of process upon the individual Defendants was insufficient.

■ The record shows that the Plaintiff's complaint was filed on October 11, 1988. Process was served upon Messrs. Hobbs, Burden, and Ball by certified mail, return receipt requested, showing receipt of process on 10/20/88, 10/20/88, and 10/19/88, respectively. Service was executed in each case by Toni J. Tomlin, ostensibly a secretary over twenty-one years of age, employed at the office of Plaintiff's counsel. Thus, service of process, if valid, was executed well within the 120 day time limit for service imposed by R. 4(j) of the Fed.R.Civ.P.

The individual Plaintiffs argue, in Instrument # 26, that the Plaintiff's counsel and his secretary are, pursuant to Tx.R. 103, "interested persons" to this suit and as such, are precluded from executing service. In rebuttal, Mr. Jackson argues that the 1988 amendments to Tx.R. 103 and 106 manifest an intent by the legislature to allow service by a counsel's agent. The court is not persuaded by this argument. The clear language of Tx.R. 103 states that "citation and other notices may be served anywhere ... by any person authorized by law.... As counsel for Plaintiff correctly points out, "a summons and complaint [may] be served by any person who is not a party and is not less than 18 years of age." Fed.R.Civ.P. 4(c)(2)(A). According, Toni J. Tomlin is "authorized by law" pursuant to the Federal Rules of Civil Procedure.

We next determine whether Ms. Tomlin is "interested in the outcome of the suit...." Tx.R. 103. While the Texas Rules do not define the term "interested" we may find clarification from other sources. Black's Law Dictionary states: "[An interest is] the most general term that can be employed to denote a right, claim, title, or legal share in something." For example, a "person interested in the estate," for purposes of will contests, is one who has legally ascertained pecuniary interests, real or prospective, absolute or contingent, which will be impaired, benefited, or in some manner materially affected by probate of the will. *Abbott v. Foy*, 662 S.W.2d 629, 631 (Tex.App.—Houston (14th) 1983, error ref'd n.r.e.).

■ When service of process is challenged, the party (responsible for process) bears the burden of proving its validity...." *Systems Signs Supplies v. United States Department of Justice*, 903 F.2d 1011, 1013 (5th Cir.1990); *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985). "The rules regarding service of process have always been strictly construed:

failure to comply with them renders service void." *Garcia v. Gutierrez*, 697 S.W.2d 758 (Tex.App.—Corpus Christi 1985, no writ). The fact that a person may be called as a witness by one or the other party to a suit and may thereafter testify ... does not make him an interested party ... in the outcome of the suit. *P.G., A. Juvenile v. State of Texas*, 616 S.W.2d 635, 638 (Tex. Civ.App.—San Antonio 1981, writ ref'd n.r.e.). "The amendment [to Tx.R.Civ.P. 103] makes clear that the courts are permitted to authorize persons other than sheriffs or constables to serve citation." Tx.R.Civ.P. comment to 1988 change.

"As amended, Rule 103's prior requirements for service of process have been relaxed." *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir.1985); 51 Texas Bar Journal 668, citing The Court Order in the Supreme Court of Texas. The Defendants correctly points out, however, that while "others authorized by law" may now effectuate service of process, this relaxation does not go without qualification, i.e. no interested person shall serve process. Tx.R.Civ.P. 103. Mr. Jackson fails to argue that Ms. Tomlin is in fact not his agent. In that the Plaintiff's attorney is an agent of Mr. Jackson, it is undisputed that Ms. Tomlin, the attorney's employee and agent, does possess an economic interest in the outcome of this dispute. Plaintiff fails in his burden as set forth in *Systems Signs Supplies.*

Mr. Jackson then goes on to argue, that in any event, service on Mr. Burden was properly made pursuant to R.4(c)(2)(C)(ii). In light of the strict construction given to Fed.R.Civ.P. 4, we cannot agree.

▮▮▮ The Fifth Circuit has held that, "Rule 4(c)(2)(C)(ii) is an integrated procedure for establishing and proving in personam jurisdiction as well as service of process and that the Defendant's return and acknowledgement are an essential part of that procedure. [t]he requirements ... must be fully satisfied...." *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir.1985). "The Defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." *Way v.*

*Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir.1988). Once the validity of service is questioned, Plaintiff bears the burden of establishing its validity. *Norlock at 656.* Mere inadvertence or mistake of counsel in complying with the letter of Rule 4 does not provide "good cause" to excuse compliance. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir.1985).

Under these strict guidelines we turn to the record. Defendant's counsel points to a deficiency in the acknowledgement which was received by Mr. Burden. This acknowledgement, Instrument # 6, contains the heading, "United States District Court For the Eastern District of Texas." This action, however, is brought in the Southern District of Texas. Although ample time existed within which to perfect service of process, Mr. Jackson failed to do so. Several options provided by the rules were available to him. Mr. Jackson thus has failed to comply with " ... an essential part of [the service procedure]...." *Delta Steamships Lines at 730.* In addition he has not succeeded in establishing the validity of such service nor shown " ... good cause ... to excuse compliance." *Norlock* at 656, *Kersh* at 1512. Indeed, the 120 day time limitation for service provided by Fed. R.Civ.P. has long come and gone.

## III. CONCLUSION

For the foregoing reasons, it is recommended that the individual Defendant's Motion to Dismiss be GRANTED.

The Clerk shall file this instrument and mail a copy to all parties. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), General Order 80–5, S.D.Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (*en banc*); *Ware v. King*, 694 F.2d 89 (5th Cir.1982); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). The original of any written objections shall be filed with the U.S. District

Clerk, P.O. Box 61010, Houston, Texas 77208 and a copy shall be delivered to the Chambers of Judge Rainey, Room 8613 and to the Chambers of Judge Stacy, Room 7525.