Mario PALOMIN, Appellant,

v.

ZARSKY LUMBER CO., d/b/a Zarsky Lumber Co., McAllen, Appellee.

No. 13–98–352–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 3, 2000.

Jose R. Guerrero, Montalvo & Ramirez, McAllen, for Appellant.

J.W. Dyer, Dyer & Associates, McAllen, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## O P I N I O N

Opinion by Justice RODRIGUEZ.

Appellant Mario Palomin appeals from the denial of his petition for bill of review.[1] The petition was filed after a no-answer default judgment was entered against him and in favor of appellee Zarsky Lumber Co., d/b/a/ Zarsky Lumber Co., McAllen. By eight points of error, appellant generally contends the trial court erred (1) in entering the judgment because service was improper, and (2) in awarding attorney's fees to appellee. We affirm.

A bill of review is an independent, equitable action brought by the petitioner to a former action seeking to set aside a judgment that is no longer appealable or subject to challenge by a motion

---

1. Appellant appeals from the denial of his first amended original petition for bill of review and for a temporary restraining order, temporary injunction and permanent injunction. For convenience we refer to this petition simply as a bill of review.

for new trial.[2] *See Caldwell v. Barnes,* 975 S.W.2d 535, 539 (Tex.1998); *In re T.R.R.,* 986 S.W.2d 31, 35 (Tex.App.—Corpus Christi 1998, no writ) (citation omitted). A bill of review constitutes a direct attack on a judgment by a party to that judgment. *See Texas Dept. of Pub. Safety v. Burrows,* 976 S.W.2d 304, 306 (Tex.App.—Corpus Christi 1998, no pet.) (citation omitted). Because it is fundamentally important that some finality be accorded to judgments, a bill of review seeking relief from an otherwise final judgment is scrutinized by the courts "with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted." *Montgomery v. Kennedy,* 669 S.W.2d 309, 312 (Tex.1984) (quoting *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950)).

■ To succeed in a bill of review, the petitioner must ordinarily show (1) a meritorious claim or defense to the cause of action supporting the earlier judgment, (2) which he was prevented from asserting by the fraud, accident, or mistake of the opposing party, or official mistake, (3) unmixed with any fault or negligence of his own. *See In re T.R.R.,* 986 S.W.2d at 35 (citing *Ortega v. First RepublicBank Fort Worth, N.A.,* 792 S.W.2d 452, 453 (Tex. 1990)). However, when a petitioner for bill of review claims the judgment is void for lack of proper service, as in this case, the petitioner need not prove a meritorious defense, nor show fraud, accident, or mistake by the opposing party. *See Peralta v. Heights Med. Ctr.,* 485 U.S. 80, 86, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Further, there are no presumptions in favor of valid issuance, service, and return of citation in the face of a direct attack on a default

judgment. *See Uvalde Country Club v. Martin Linen Supply Co.,* 690 S.W.2d 884, 885 (Tex.1985). Finally, a default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived service, or entered an appearance. *See* Tex.R. Civ. P. 124; *Wilson v. Dunn,* 800 S.W.2d 833, 836 (Tex.1990).

By his first six points of error, appellant claims the default judgment is void for lack of proper service.[3] We, therefore, need not review the elements of a bill of review, but rather look only to service of process.

■ In points one, two and three, appellant urges service was improper because appellee failed to serve the amended petition upon which the default judgment was based. New citation is necessary for a party who has not appeared only when the plaintiff, by an amended petition, seeks a more onerous judgment than prayed for in the original pleading. *See Weaver v. Hartford Accident and Indemnity Co.,* 570 S.W.2d 367, 370 (Tex.1978) (citations omitted) (no-answer default judgment).

■ Appellant concedes he was served with citation and plaintiffs' original petition. An amended petition was filed, but, as the record reveals, was not served on appellant. However, only one change was made in the amended petition. Appellant's first name was corrected from "Luis" to "Mario" in one instance. In both petitions, appellant was referred to as "Mario" in the style of the case and in the opening paragraph. Additionally, "Mario" was identified on a statement of account or transaction listing and on a credit application, attached as exhibit A to each petition.

---

2. The trial court entered a no-answer default judgment against appellant on April 22, 1997. On March 4, 1998, more than a year later, appellant filed his original petition for bill of review. Thus, the filing was well past the deadlines for a motion for new trial and restricted appeal. *See* Tex.R. Civ. P. 329b(a) (30–day deadline for motion for new trial); Tex.R.App. P. 26.1(c) (six-month deadline for restricted appeal).

3. Appellee contends appellant cannot meet his burden to show error because he only presented a partial reporter's record to this Court, and did not comply with Texas Rule of Appellate Procedure 34.6(c). However, the entire reporter's record was subsequently filed. Therefore, appellee's contention is moot and we need not address it.

Certainly, the one amendment to the petition did not assert new claims or request a more onerous judgment.

Appellant relies on *Harris v. Shoults*, 877 S.W.2d 854, 855 (Tex.App.—Fort Worth 1994, no writ) and *Caprock Construction Co. v. Guaranteed Floorcovering, Inc.*, 950 S.W.2d 203, 205 (Tex.App.—Dallas 1997, no writ), to support his contention that service was not proper because the amended petition was not served. His reliance is misplaced. In *Harris*, the court concluded that non-service of the amended petition was improper because it deleted damages stated in a dollar amount and instead requested damages of an unspecified amount. *See Harris*, 877 S.W.2d at 855. In *Caprock*, service was found to be improper because the amended pleading added a new plaintiff and, as noted by the court, "exposed Caprock to additional liability." *Caprock*, 950 S.W.2d at 205. The facts of each case are distinguishable from the facts of the present case where the only change was to correct appellant's first name in one instance. Further, the proposition of law in *Harris* and *Caprock* is consistent with the general rule that new citation is necessary only when the amended petition seeks a more onerous judgment. *See Weaver*, 570 S.W.2d at 370.

Accordingly, we conclude that failure to serve new citation and appellant's amended petition did not make the judgment improper. Appellant's first three points of error are overruled.

■ By point of error four, appellant next contends that service was improper because the court's order appointing Sandra J. Bitner to serve the appellant provided that Bitner serve him with a subpoena, not a citation. He argues the court's order, therefore, did not expressly authorize service of citation. Appellant also urges that authorization to serve "notices" in a lawsuit, as set out in the order, does not include the authority to serve the citation. We will not, however, invalidate service on this basis.

The trial court's order provided, in relevant part, that:

[T]he Court GRANTED the request . . . for service of Subpoena on **Mario P[a]l[o]min**, Defendant . . . by Sandra J. Bitner, a person found by the Court to be not less than eighteen years of age and without interest in the outcome of this suit. The Court is of the opinion that the manner of service ordered will be reasonably effective to give the Defendant notice of the suit.

IT IS ACCORDINGLY ORDERED that service upon the . . . Defendant . . . be by . . . Bitner and . . . Bitner is authorized to serve all other notices in this cause.

■ The entire contents of an instrument and the record should be considered in construing the meaning of a court order or judgment. *See Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex. 1971). The order is to be read as a whole. *See id.*

■ Although the trial court's order granted appellant's request for "service of [s]ubpoena," the order provided that the service would be reasonably effective to give appellant "notice of the suit." Additionally, the order specifically authorized Bitner, "a person found by the Court to be not less than eighteen years of age and without interest in the outcome of the suit," to serve appellant with all other notices of the suit. The record shows citation issued and appellant was served with process. The rules of civil procedure do not require any specific wording to be included within the court's order authorizing service in order to be in compliance with the procedural rules. It is apparent that the meaning of the court's order was to authorize service of process on appellant by Bitner pursuant to Texas Rules of Civil Procedure 103 and 106.

Rule 106(a) of the Texas Rules of Civil Procedure provides "unless the citation or an order of the court otherwise directs, the citation shall be served by any person

authorized by Rule 103....'' TEX.R. CIV. P. 106(a). Rule 103 provides that citation may be served by any sheriff or constable or other person authorized by law, or by any person authorized by law or by written order of the court who is not less than 18 years of age. *See* TEX.R. CIV. P. 103. Rule 103 further provides that "[n]o person who is a party to or interested in the outcome of a suit shall serve any process." *See id.*

Considering the record and the order in its entirety, we construe the order as authorizing Bitner to serve citation on appellant. The fourth point of error is overruled.

By points five and six, appellant contends that even if the order authorized Bitner to serve citation, the order is void because Bitner is a "person interested in the outcome of [this] suit" under rule 103 and, therefore, is disqualified from serving any process on appellant.

Appellant acknowledges that the only authority found in support of his argument is *Jackson v. United States,* 138 F.R.D. 83 (S.D.Texas 1991). His reliance on *Jackson,* however, is misplaced because the facts of *Jackson* are distinguishable from the facts in this case. In *Jackson,* process was served by certified mail, return receipt requested, and service was executed, in each case, by the secretary employed at the offices of plaintiff's counsel, in her capacity as secretary. *See id.* at 87. Importantly, plaintiff failed to argue that the secretary was not an agent of his counsel. *See id.* at 88. The court concluded that as an agent, the secretary possessed an economic interest in the outcome of the dispute, and, thus, was an interested party. *See id.*

■ In this case, the trial court, by its order, found Bitner was "without interest in the outcome of this suit." Bitner testified she was a full-time employee of Dyer & Denham[4] (Dyer), appellee's counsel, working as a bookkeeper. However, she testified that on the day she served appellant, she ended her workday at Dyer's office when she clocked out at 4:00 p.m. Bitner testified she served appellant, via hand delivery, at approximately 8:00 p.m. that evening and was not working as an employee of Dyer when she served process. She received fifty dollars from Dyer for serving appellant, Bitner also testified she reported self-employment income, a portion of which was from serving citations. Finally, Bitner testified she had no interest in the lawsuit and would not be affected by the outcome of the case.

Appellee argues the evidence clearly shows Bitner was not an employee of Dyer's when she served process. We agree and conclude appellant has not demonstrated that Bitner's employment relationship with Dyer constitutes a violation of the rules rendering the citation fatally defective. Appellant's fifth and sixth points of error are overruled.

Having found service of process valid, we conclude the trial court properly denied appellant's bill of review. We next consider appellant's alternative issue regarding attorney's fees. By points of error seven and eight, appellant contends the court erred in failing to grant his special exception challenging appellee's request for attorney's fees and that the evidence was insufficient to support the award.

■ Special exceptions, not called to the trial court's attention and on which the record does not show that the trial court acted, are waived. *See R.I.O. Systems, Inc. v. Union Carbide Corp.,* 780 S.W.2d 489, 491 (Tex.App.—Corpus Christi 1989, writ denied) (citation omitted). The record, in this case, reveals appellee prayed for attorney's fees in its original answer to appellant's petition for bill of review. Appellant specially excepted to appellee's request, and brought it to the trial court's attention during the hearing on his bill of review. However, there

---

4. Dyer & Denham is also referred to as Dyer & Associates. We understand this to be the same law firm and, therefore, refer to it as Dyer throughout the opinion.

is no ruling in the record on appellant's special exception. Appellant had the burden to obtain a hearing to present its special exception to the trial court and obtain a ruling on it. *See id.* Accordingly, appellant's failure to obtain a ruling waived error, if any. *See id.;* TEX.R.APP. P. 52(a).

 Furthermore, attorney's fees are available to the successful party in a bill of review action if there is a legal basis for awarding them pursuant to the underlying cause of action. *See State v. Buentello,* 800 S.W.2d 320, 327 (Tex. App.—Corpus Christi 1990, no writ); *see also Cortland Line Co., Inc. v. Israel,* 874 S.W.2d 178, 184 (Tex.App.—Houston [14th Dist.] 1994, writ denied) (trial court abused its discretion in refusing to award attorney's fees to judgment creditor in judgment debtor's bill of review proceeding). An allowance of attorney's fees will not be overturned absent a clear abuse of discretion. *Ross v. 3D Tower Ltd.,* 824 S.W.2d 270, 273 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

 The underlying cause of action in this case concerned a credit account for goods sold for which attorney's fees were recoverable under the credit agreement and pursuant to section 38.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). Further, the trial court heard evidence from Bitner, Dyer's bookkeeper, that attorney's fees and expenses incurred in this lawsuit were $6,088.61. Attorney J.W. Dyer of Dyer and Denham testified this figure was reasonable and necessary under the circumstances, and was customary when handling this type of case. Additionally, pursuant to section 38.004, the trial court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.004 (Vernon 1997). Appellant objected to Bitner's testimony; however, the court did not rule on the objection. Appel-

lant did not object to Dyer's testimony. The trial court awarded appellee $2000 in attorney's fees. We conclude that the court did not abuse its discretion in awarding attorney's fees in the amount of $2000. Appellant's points of error seven and eight are overruled.

The judgment of the trial court is AFFIRMED.