NUMBER 13-98-352-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


MARIO PALOMIN
, Appellant,


v.



ZARSKY LUMBER CO., D/B/A ZARSKY

LUMBER CO., MCALLEN
, Appellee.

___________________________________________________________________


On appeal from the County Court at Law No. 4


of Hidalgo County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Rodriguez


Opinion by Justice Rodriguez



 Appellant Mario Palomin appeals from the denial of his petition for
bill of review.(1) The petition was filed after a no-answer default judgment
was entered against him and in favor of appellee Zarsky Lumber Co.,
d/b/a/ Zarsky Lumber Co., McAllen. By eight points of error, appellant
generally contends the trial court erred (1) in entering the judgment
because service was improper, and (2) in awarding attorney's fees to
appellee. We affirm.

 A bill of review is an independent, equitable action brought by the
petitioner to a former action seeking to set aside a judgment that is no
longer appealable or subject to challenge by a motion for new trial.(2) See
Caldwell v. Barnes, 975 S.W.2d 535, 659 (Tex. 1998); In re T.R.R., a
Minor Child, 986 S.W.2d 31, 35 (Tex. App.--Corpus Christi 1998, no
writ) (citation omitted). A bill of review constitutes a direct attack on a
judgment by a party to that judgment. See Texas Dept. of Pub. Safety
v. Burrows, 976 S.W.2d 304, 306 (Tex. App.--Corpus Christi 1998, no
pet.) (citation omitted). Because it is fundamentally important that
some finality be accorded to judgments, a bill of review seeking relief
from an otherwise final judgment is scrutinized by the courts "with
extreme jealousy, and the grounds on which interference will be
allowed are narrow and restricted." Montgomery v. Kennedy, 669
S.W.2d 309, 312 (Tex. 1984) (quoting Alexander v. Hagedorn, 226
S.W.2d 996, 998 (Tex. 1950)).

 To succeed in a bill of review, the petitioner must ordinarily show
(1) a meritorious claim or defense to the cause of action supporting the
earlier judgment, (2) which he was prevented from asserting by the
fraud, accident, or mistake of the opposing party, or official mistake, (3)
unmixed with any fault or negligence of his own. See In re T.R.R., 986
S.W.2d at 35 (citing Ortega v. First RepublicBank Fort Worth, N.A., 792
S.W.2d 452, 453 (Tex. 1990)). However, when a petitioner for bill of
review claims the judgment is void for lack of proper service, as in this
case, the petitioner need not prove a meritorious defense, nor show
fraud, accident, or mistake by the opposing party. See Peralta v.
Heights Med. Ctr., 485 U.S. 80, 86 (1988). Further, there are no
presumptions in favor of valid issuance, service, and return of citation
in the face of a direct attack on a default judgment. See Uvalde Country
Club v. Martin Linen Supply Co., S.W.2d 884, 885 (Tex.1985). Finally,
a default judgment is improper against a defendant who has not been
served in strict compliance with the law, accepted or waived service, or
entered an appearance. See Tex. R. Civ. P. 124; Wilson v. Dunn, 800
S.W.2d 833, 836 (Tex. 1990).

 By his first six points of error, appellant claims the default
judgment is void for lack of proper service.(3) We, therefore, need not
review the elements of a bill of review, but rather look only to service of
process.

 In points one, two and three, appellant urges service was
improper because appellee failed to serve the amended petition upon
which the default judgment was based. New citation is necessary for
a party who has not appeared only when the plaintiff, by an amended
petition, seeks a more onerous judgment than prayed for in the original
pleading. See Weaver v. Hartford Accident and Indemnity Co., 570
S.W.2d 367, 370 (Tex. 1978) (citations omitted) (no-answer default
judgment).

 Appellant concedes he was served with citation and plaintiffs'
original petition. An amended petition was filed, but, as the record
reveals, was not served on appellant. However, only one change was
made in the amended petition. Appellant's first name was corrected
from "Luis" to "Mario" in one instance. In both petitions, appellant was
referred to as "Mario" in the style of the case and in the opening
paragraph. Additionally, "Mario" was identified on a statement of
account or transaction listing and on a credit application, attached as
exhibit A to each petition. Certainly, the one amendment to the petition
did not assert new claims or request a more onerous judgment.

 Appellant relies on Harris v. Shoults, 877 S.W.2d 854, 855 (Tex.
App.--Fort Worth 1994, no writ) and Caprock Construction Co. v.
Guaranteed Floorcovering, Inc., 950 S.W.2d 203, 205 (Tex. App.--Dallas
1997, no writ), to support his contention that service was not proper
because the amended petition was not served. His reliance is
misplaced. In Harris, the court concluded that non-service of the
amended petition was improper because it deleted damages stated in
a dollar amount and instead requested damages of an unspecified
amount. See Harris, 877 S.W.2d at 855. In Caprock, service was found
to be improper because the amended pleading added a new plaintiff
and, as noted by the court, "exposed Caprock to additional liability." 
Caprock, 950 S.W.2d at 205. The facts of each case are distinguishable
from the facts of the present case where the only change was to correct
appellant's first name in one instance. Further, the proposition of law
in Harris and Caprock is consistent with the general rule that new
citation is necessary only when the amended petition seeks a more
onerous judgment. See Weaver, 570 S.W.2d at 320.

 Accordingly, we conclude that failure to serve new citation and
appellant's amended petition did not make the judgment improper. 
Appellant's first three points of error are overruled.

 By point of error four, appellant next contends that service was
improper because the court's order appointing Sandra J. Bitner to serve
the appellant provided that Bitner serve him with a subpoena, not a
citation. He argues the court's order, therefore, did not expressly
authorize service of citation. Appellant also urges that authorization to
serve "notices" in a lawsuit, as set out in the order, does not include the
authority to serve the citation. We will not, however, invalidate service
on this basis.

 The trial court's order provided, in relevant part, that:

 [T]he Court GRANTED the request . . . for service of
Subpoena on Mario

 P[a]l[o]min, Defendant . . . by Sandra J. Bitner, a person
found by the Court to be not less than eighteen years of age
and without interest in the outcome of this suit. The Court
is of the opinion that the manner of service ordered will be
reasonably effective to give the Defendant notice of the suit.


 IT IS ACCORDINGLY ORDERED that service upon the . . .
Defendant . . . be by . . . Bitner and . . .Bitner is authorized
to serve all other notices in this cause.


 The entire contents of an instrument and the record should be
considered in construing the meaning of a court order or judgment. See
Lone Star Cement Corp. v. Fair, 467 S.W.2d 402, 405 (Tex. 1971). The
order is to be read as a whole. See id.

 Although the trial court's order granted appellant's request for
"service of [s]ubpoena," the order provided that the service would be
reasonably effective to give appellant "notice of the suit." Additionally,
the order specifically authorized Bitner, "a person found by the Court to
be not less than eighteen years of age and without interest in the
outcome of the suit," to serve appellant with all other notices of the
suit. The record shows citation issued and appellant was served with
process. The rules of civil procedure do not require any specific
wording to be included within the court's order authorizing service in
order to be in compliance with the procedural rules. It is apparent that
the meaning of the court's order was to authorize service of process on
appellant by Bitner pursuant to Texas Rules of Civil Procedure 103 and
106.

 Rule 106(a) of the Texas Rules of Civil Procedure provides "unless
the citation or an order of the court otherwise directs, the citation shall
be served by any person authorized by Rule 103. . . ." Tex. R. Civ. P.
106(a). Rule 103 provides that citation may be served by any sheriff or
constable or other person authorized by law, or by any person
authorized by law or by written order of the court who is not less than
18 years of age. See Tex. R. Civ. P. 103. Rule 103 further provides that
"[n]o person who is a party to or interested in the outcome of a suit
shall serve any process." See id.

 Considering the record and the order in its entirety, we construe
the order as authorizing Bitner to serve citation on appellant. The fourth
point of error is overruled.

 By points five and six, appellant contends that even if the order
authorized Bitner to serve citation, the order is void because Bitner is a
"person interested in the outcome of [this] suit" under rule 103 and,
therefore, is disqualified from serving any process on appellant.

 Appellant acknowledges that the only authority found in support
of his argument is Jackson v. United States, 138 F.R.D. 83 (S.D. Texas
1991). His reliance on Jackson, however, is misplaced because the
facts of Jackson are distinguishable from the facts in this case. In
Jackson, process was served by certified mail, return receipt requested,
and service was executed, in each case, by the secretary employed at
the offices of plaintiff's counsel, in her capacity as secretary. See id. at
87. Importantly, plaintiff failed to argue that the secretary was not an
agent of his counsel. See id. at 88. The court concluded that as an
agent, the secretary possessed an economic interest in the outcome of
the dispute, and, thus, was an interested party. See id.

 In this case, the trial court, by its order, found Bitner was "without
interest in the outcome of this suit." Bitner testified she was a full-time
employee of Dyer & Denham(4) (Dyer), appellee's counsel, working as a
bookkeeper. However, she testified that on the day she served
appellant, she ended her workday at Dyer's office when she clocked out
at 4:00 p.m. Bitner testified she served appellant, via hand delivery, at
approximately 8:00 p.m. that evening and was not working as an
employee of Dyer when she served process. She received fifty dollars
from Dyer for serving appellant, Bitner also testified she reported self-employment income, a portion of which was from serving citations. 
Finally, Bitner testified she had no interest in the lawsuit and would not
be affected by the outcome of the case.

 Appellee argues the evidence clearly shows Bitner was not an
employee of Dyer's when she served process. We agree and conclude
appellant has not demonstrated that Bitner's employment relationship
with Dyer constitutes a violation of the rules rendering the citation
fatally defective. Appellant's fifth and sixth points of error are overruled. 

 Having found service of process valid, we conclude the trial court
properly denied appellant's bill of review. We next consider appellant's
alternative issue regarding attorney's fees. By points of error seven and
eight, appellant contends the court erred in failing to grant his special
exception challenging appellee's request for attorney's fees and that the
evidence was insufficient to support the award.

 Special exceptions, not called to the trial court's attention and on
which the record does not show that the trial court acted, are waived. 
See R.I.O. Systems, Inc. v. Union Carbide Corp., 780 S.W.2d 489, 491
(Tex. App.--Corpus Christi 1989, writ denied)(citation omitted). The
record, in this case, reveals appellee prayed for attorney's fees in its
original answer to appellant's petition for bill of review. Appellant
specially excepted to appellee's request, and brought it to the trial
court's attention during the hearing on his bill of review. However,
there is no ruling in the record on appellant's special exception. 
Appellant had the burden to obtain a hearing to present its special
exception to the trial court and obtain a ruling on it. See id. 
Accordingly, appellant's failure to obtain a ruling waived error, if any. 
See id.; Tex. R. App. P. 52(a).

 Furthermore, attorney's fees are available to the successful party
in a bill of review action if there is a legal basis for awarding them
pursuant to the underlying cause of action. See State v. Buentello, 800
S.W.2d 320, 327 (Tex. App.--Corpus Christi 1990, no writ); see also
Cortland Line Co., Inc. v. Israel, 874 S.W.2d 178, 184 (Tex. App.--Houston [14th Dist.] 1994, writ denied) (trial court abused its discretion
in refusing to award attorney's fees to judgment creditor in judgment
debtor's bill of review proceeding). An allowance of attorney's fees will
not be overturned absent a clear abuse of discretion. Ross v. 3D Tower
Ltd., 824 S.W.2d 270, 273 (Tex. App.--Houston [14th Dist.] 1992, writ
denied).

 The underlying cause of action in this case concerned a credit
account for goods sold for which attorney's fees were recoverable under
the credit agreement and pursuant to section 38.001 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. §
38.001 (Vernon 1997). Further, the trial court heard evidence from
Bitner, Dyer's bookkeeper, that attorney's fees and expenses incurred in
this lawsuit were $6,088.61. Attorney J. W. Dyer of Dyer and Denham
testified this figure was reasonable and necessary under the
circumstances, and was customary when handling this type of case. 
Additionally, pursuant to section 38.004, the trial court may take judicial
notice of the usual and customary attorney's fees and of the contents of
the case file without receiving further evidence. See Tex. Civ. Prac. &
Rem. Code Ann. § 38.004 (Vernon 1997). Appellant objected to Bitner's
testimony; however, the court did not rule on the objection. Appellant
did not object to Dyer's testimony. The trial court awarded appellee
$2000 in attorney's fees. We conclude that the court did not abuse its
discretion in awarding attorney's fees in the amount of $2000. 
Appellant's points of error seven and eight are overruled.

 The judgment of the trial court is AFFIRMED.



 NELDA V. RODRIGUEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 3rd day of August, 2000.

1. Appellant appeals from the denial of his first amended original
petition for bill of review and for a temporary restraining order,
temporary injunction and permanent injunction. For convenience we
refer to this petition simply as a bill of review.
2. The trial court entered a no-answer default judgment against
appellant on April 22, 1997. On March 4, 1998, more than a year later,
appellant filed his original petition for bill of review. Thus, the filing was
well past the deadlines for a motion for new trial and restricted appeal. 
See Tex. R. Civ. P. 329b(a) (30-day deadline for motion for new trial);
Tex. R. App. P. 26.1(c) (six-month deadline for restricted appeal).
3. Appellee contends appellant cannot meet his burden to show
error because he only presented a partial reporter's record to this Court,
and did not comply with Texas Rule of Appellate Procedure 34.6(c). 
However, the entire reporter's record was subsequently filed. Therefore,
appellee's contention is moot and we need not address it.
4. Dyer & Denham is also referred to as Dyer & Associates. We
understand this to be the same law firm and, therefore, refer to it as
Dyer throughout the opinion.