ACCEPTED
03-14-00485-CV
5592071
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/8/2015 5:41:58 PM
JEFFREY D. KYLE
CLERK

FILED
**June 9, 2015**
Third Court of Appeals
Jeffrey D. Kyle
Clerk

**03-14-00485-CV**

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/8/2015 5:41:58 PM
JEFFREY D. KYLE
Clerk

**JOHN REED, JR.,**

**Appellant**

**v.**

**FARMERS INSURANCE GROUP,**

**Appellee**

On Appeal from Cause No. 259,941-C
In the 169th Judicial District Court of Bell County, Texas

## APPELLEE FARMERS INSURANCE GROUP'S RESPONSE TO APPELLANT'S MOTION FOR THE APPEAL COURT TO DETERMINE JURISDICTION

Kevin G. Cain
State Bar No. 24012371
*cain@mdjwlaw.com*

Levon G. Hovnatanian
State Bar No. 10059825
*hovnatanian@mdjwlaw.com*

Christopher W. Martin
State Bar No. 13057620
*martin@mdjwlaw.com*

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700—Telephone
(713) 222-0101—Facsimile

Michael Watson
State Bar No. 24008246
*watson@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
(214) 420-5500—Telephone
(214) 420-5501—Facsimile

**TO THE HONORABLE COURT OF APPEALS:**

Comes now the appellee, Farmers Insurance Group ("Farmers"), and responds to Mr. Reed's Motion for the Appeal Court to Determine Jurisdiction.

## ARGUMENT

The trial court signed the final judgment on July 1, 2014. CR 651. Therefore, even at its "maximum duration," the trial court lost plenary power on Wednesday, October 15, 2014, the 106th day after the final judgment was signed. See TEX. R. CIV. P. 329b(c), (d), (e); *In re J.H.*, 39 S.W.3d 688, 689-90 (Tex. App.—Houston [1st Dist.] 2001, no pet.). As such, the trial court long ago lost jurisdiction to vacate the final judgment and sign a new judgment.

Nevertheless, Reed recently bombarded the trial court with several clearly meritless motions seeking *a default judgment* against the defendants. *See* 3rd Supp. CR 4-107. The trial court refused to grant Reed any relief, confirmed for him that it has no plenary power, and reminded him that the case is now before this Court, pursuant to Reed's own notice of appeal. *See* 3rd Supp. CR 109.

Having been correctly rebuffed by the trial court, Reed now argues in a motion to this Court that he should have been awarded a default judgment. Then, in the same motion, he argues the trial court did not have jurisdiction to sign *any judgment at all*. As will be shown below, these arguments, like the ones he recently made in the trial court, are clearly meritless.

1

## I. REED WAS NOT DEPRIVED OF A DEFAULT JUDGMENT BY THE DISTRICT CLERK.

Reed's first argument seems to be that the District Clerk's service on Farmers Insurance Group by certified mail, return receipt requested was defective because the return of service does not have the Clerk's stamp on it and is not verified, violating Texas Rule of Civil Procedure 108. Motion at 1. He contends that the District Clerk's failure to provide "strict compliance" deprived him of a default judgment. Motion at 1.

Initially, Reed has put the burden on the wrong person. It was not the District Clerk's responsibility to see to proper service—it was Reed's. "It is the responsibility of *the party requesting service . . .* to ensure that (1) proper service is accomplished and (2) that the record reflects proper service." *Furst v. Smith*, 176 S.W.3d 864, 869 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (emphasis added); *accord Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994).

Furthermore, Reed is not entitled to have the adverse judgment thrown out because of mistakes in service, whether his or the District Clerk's. If a defendant is not served in strict compliance, it still may voluntarily appear or accept or waive service. *See Garza v. Attorney Gen. of Tex.*, 166 S.W.3d 799, 811 (Tex. App.—Corpus Christi 2005, no pet.); *Palomin v. Zarsky Lumber Co.*, 26 S.W.3d 690, 693 (Tex. App.—Corpus Christi 2003, pet. denied); *$9,000.00 U.S. Currency v. State*, 2014 WL 5490946, at *3 (Tex. App.—Texarkana 2014, no pet.); *In re A.T.A.*, 2009

2

WL 3337648, at *1 (Tex. App.—Dallas 2009, no pet.); *Chandler v. Miller*, 2002 WL 1824844, at *6 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (not designated for publication).

Here, whether strict compliance occurred is immaterial, because the relevant defendant filed an answer. CR 14-15. "[F]iling an answer constitutes a general appearance, thereby dispensing with the need for the issuance and service of citation. Thus, filing an answer waives any complaints about service." *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) (citations omitted); *accord* TEX. R. CIV. P. 121.

Typically, it is the *defendant* who challenges service that was made on it by the *plaintiff*. *See, e.g., Autozone, Inc. v. Duenes*, 108 S.W.3d 917, 921 (Tex. App.—Corpus Christi 2003, no pet.); *Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 794 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *Hollister v. Palmer Indep. Sch. Dist.*, 958 S.W.2d 956, 957-58 (Tex. App.—Waco 1999, no pet.). But here, Reed, *the plaintiff*, is attacking *his own service*. His complaints are without merit, and he was not somehow deprived of a default judgment by the District Clerk.

## II. THE TRIAL COURT HAD JURISDICTION TO ENTER A JUDGMENT.

After first arguing that the District Clerk deprived him of a default judgment, Reed shifts gears and contends the trial court did not have jurisdiction to enter *any*

3

judgment. Motion at 1. He once again alleges defects in the return of service. Motion at 1. But if a defendant is not served in strict compliance, it nevertheless may voluntarily appear or accept or waive service. *See Garza*, 166 S.W.3d at 811; *Palomin*, 26 S.W.3d at 693; *$9,000.00 U.S. Currency*, 2014 WL 5490946, at *3; *A.T.A.*, 2009 WL 3337648, at *1; *Chandler*, 2002 WL 1824844, at *6.

Here, any alleged defects are immaterial, because the relevant defendant filed an answer. CR 14-15. "[F]iling an answer constitutes a general appearance, thereby dispensing with the need for the issuance and service of citation. Thus, filing an answer waives any complaints about service." *Phillips*, 197 S.W.3d at 865; *accord* TEX. R. CIV. P. 121. The trial court had jurisdiction to sign and enter a judgment. *See In re Parker*, 275 S.W.3d 623, 628 (Tex. App.—Amarillo 2008, no pet.).

## CONCLUSION AND PRAYER FOR RELIEF

Apparently, Reed feels he has nothing to lose by filing far-fetched motion after far-fetched motion about obtaining a default judgment in a case in which a final judgment was signed almost a year ago. Having been gently but firmly rebuffed by the trial court, Reed is now focusing his efforts on this Court.

The appellee's motion to dismiss the appeal for want of prosecution remains pending, as does Reed's motion for extension of time to file brief.[1]  In the meantime, if history is any indication, more motions seeking or discussing a default judgment will be forthcoming.

The appellee respectfully asks the Court to deny Mr. Reed's Motion For The Appeal Court To Determine Jurisdiction.

---

[1]     The original deadline for Reed to file his brief was Monday, December 1, 2014.  *See* TEX. R. APP. P. 38.6(a) (setting deadline for appellant's brief in non-accelerated appeal as 30 days from date complete record was filed); TEX. R. APP. P. 4.1(a) (method of computing time).  After four extensions, Reed still has not filed a brief.

The Court should deny any further request for extension.  Reed has had ample time to prepare his opening brief, but instead of preparing that document, he continues to put his time and effort into nonsensical motions.

Respectfully submitted,

Martin, Disiere, Jefferson & Wisdom, L.L.P.


By: */s/ Levon G. Hovnatanian*
    Levon G. Hovnatanian
    State Bar No. 10059825
    *hovnatanian@mdjwlaw.com*
    Kevin G. Cain
    State Bar No. 24012371
    *cain@mdjwlaw.com*
    Christopher W. Martin
    State Bar No. 13057620
    *martin@mdjwlaw.com*
808 Travis, 20th Floor
Houston, Texas  77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

Martin, Disiere, Jefferson & Wisdom, L.L.P.


By: */s/ Michael Watson*
    Michael Watson
    State Bar No. 24008246
    *watson@mdjwlaw.com*
16000 N. Dallas Parkway, Suite 800
Dallas, TX 75248
(214) 420-5500 – Telephone
(214) 420-5501 – Facsimile

ATTORNEYS FOR APPELLEE
FARMERS INSURANCE GROUP

6

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated Response To Motion For The Appeal Court To Determine Jurisdiction contains 1,094 words.

/s/ Levon G. Hovnatanian
Levon G. Hovnatanian
Dated: June 8, 2015

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Response To Motion For The Appeal Court To Determine Jurisdiction has been forwarded by the method(s) indicated below to the following persons on this 8th day of June, 2015.

Mr. John Reed, Jr., *pro se*
715 S. 32nd Street
Temple, Texas 76501

*(Appellant)*

*(via CM-RRR 7014 1200 0000 7830 1327)*

/s/ Levon G. Hovnatanian
Levon G. Hovnatanian