**In the Interest of T.R.R., a Minor Child**

**No. 13–98–086–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 12, 1998.

**32**

Javier Gonzalez, Royston, Rayzor, Vickery & Williams, Brownsville, for Ad Litem.

Rebecca G. Flanigan, Sinton, Rosa Elva Torres, Pharr, for Appellant.

Lilia Abrego Gonzales, San Benito, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

This is an appeal from the denial of a bill of review brought by the biological mother, Leticia Roth, seeking to set aside an order of termination of her parental rights and adoption of her minor child, T.R.R. We reverse and render in part, modify in part, and as modified affirm the remainder.

## FACTS

Leticia Ochoa Roth met Rene Roth in 1993 at a recreational center or day shelter at a mental health mental retardation facility. They became sexually involved, resulting in appellant's pregnancy with T.R.R. She and Roth subsequently married and lived with Roth's parents, Teresa and Charles Roth, the movants in the underlying petition for termination and adoption. Appellant continued to live with the Roths until admitted to McAllen Medical Center, Psychiatric Center to stabilize medication she was taking for depression.[1] Upon release from McAllen Medical Center, appellant contended the Roths no longer allowed her to reside with them, and she moved to Tropical Texas, a transitional living facility.

While at Tropical Texas, appellant developed gall bladder problems that necessitated surgery. The termination hearing occurred approximately five days after appellant was released from the hospital.

The reporter's record from the termination hearing indicates appellant was either not present or did not make her presence known at the beginning of the hearing. It was not until Teresa and Charles Roth's attorney had completed her direct examination of Teresa Roth that the court was informed appellant was present. The following exchange then took place between the court and appellant:

> COURT: You understand, ma'am, that, what has happened, is that you know what is happening today?

---

1. The Roths served citation upon appellant while she was at the psychiatric center.

**34**

APPELLANT: Yeah, they want to adopt my baby, but—*but I want my rights.*

COURT: Well, you haven't filed anything with the Court?

APPELLANT: Well, I didn't file anything with the Court, because they did me a surgery—what do you call it? A surgery?[2]

COURT: A surgery? You understand that your husband has filed a petition whereby he waives the rights over this child. The grandparents, apparently, want to adopt this child because they have been taking care of this child for a long time.

APPELLANT: Yeah, I know that, but, because my mother-in-law, when I was living with her, the last time that I lived with her, was last month. I was in the hospital in McAllen, and I get [sic] out, I out [of] the house.

COURT: Well, I don't know what you want to do ma'am. At this point in time, it's been—kind of ready to proceed. *You are not entitled to a lawyer.* You are entitled to present some evidence that you want to present, or if you want to talk to the lawyer? It's up to you— whatever you want to do.

APPELLANT: Whatever is best for the child.

(Emphasis added).

The court acknowledged appellant's statements that she had some medical problems and then stated:

COURT: Well, I don't know what you want to present to me. If that's what you want to tell me, it's on the record.

And from what I have been looking at, is, all of the information before me. You got that—it's a big problem. You have problems—both you and your husband. You've got some medical problems, and you have to take care of that, first, and that's just very difficult.

The court informed appellant he had appointed an ad litem for the child and proceeded to receive the ad litem's report and exhibits. Other than what is set out above, the only time the court heard from appellant was (1) when she responded to the ad litem's questions confirming he had visited with her and had been to the house and (2) when the court asked her, "Anything else you wish to advise the Court?" and she responded, "What can I say?"

In support of her bill of review, appellant filed an affidavit in which she stated that after the hearing, she unsuccessfully sought legal assistance from Texas Rural Legal Aid and two private attorneys, whom she named. Appellant finally obtained legal assistance from Coastal Bend Legal Services, whose attorneys filed the bill of review at issue.

At the bill of review hearing, appellant's counsel requested that the court's file be unsealed in order for appellant to obtain a transcript of the termination proceedings. The request was denied. After hearing testimony from appellant and the ad litem, the court denied the bill of review.

We are initially confronted with a question concerning appellant's ability to bring this bill of review proceeding. It is undisputed the trial court terminated appellant's parental rights on August 21, 1995. Appellant filed her bill of review on May 19, 1997, one year and nine months after the termination occurred.[3] Section 161.211 of the Texas Family Code provides:

Notwithstanding Rule 329, Texas Rules of Civil Procedure, the validity of an order terminating the parental rights of a person

---

**2.** Statements elicited from appellant's counsel at the bill of review hearing indicate that appellant's command of the English language was not very good and possibly that English was not her first language.

**3.** A bill of review must be brought within four years of the date of the disputed judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 1997); *Defee v. Defee,* 966 S.W.2d 719, 722 (Tex.App.—San Antonio 1998, no writ).

who has been personally served ... is not subject to collateral or direct attack after the sixth month after the date the order was rendered.

TEX. FAM. CODE ANN. § 161.211(a) (Vernon Supp.1998). The child's attorney ad litem claims section 161.211 precludes appellant's bill of review request for relief. For two reasons, we overrule this contention.

First, the ad litem failed to present the issue to the trial court. While we may liberally construe the ad litem's pleadings as asserting this defense,[4] the ad litem never raised the issue at the bill of review hearing. As such, it is waived. TEX. R. APP. P. 33.1. Second, section 161.211 does not apply to this proceeding. The legislature added section 161.211 to the family code in 1997. *See* Act of June 11, 1997, 75th Leg. R.S., ch. 600, § 1, 1997 TEX. GEN. LAWS 2108, 2108. In doing so, the legislature specifically stated the amendment would not take effect until September 1, 1997. Act of June 11, 1997, 75th Leg. R.S., ch. 600, § 21, 1997 TEX. GEN. LAWS 2108, 2117. Although it could have done so, the legislature made no provision that section 161.211 would apply to pending suits. We conclude, therefore, that section 161.211 does not act to bar appellant's bill of review.

## ANALYSIS

A bill of review is an independent action brought by a party to a former action seeking to set aside a final judgment that is no longer subject to a motion for a new trial, appeal, or writ of error. *Ortega v. First RepublicBank, Fort Worth, N.A.,* 792 S.W.2d 452, 453 (Tex.1990); *Transworld Fin. Serv. v. Briscoe,* 722 S.W.2d 407, 407 (Tex.1987); *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). It is an equitable proceeding

designed to prevent manifest injustice. *French v. Brown,* 424 S.W.2d 893, 895 (Tex. 1967).

To obtain a reinstatement of the former action and a trial on the merits, a movant must ordinarily show: (1) that she had a meritorious claim or defense, (2) that she was prevented from asserting by the fraud, accident, or mistake of the opposing party, or official mistake, (3) unmixed with any fault or negligence of her own. *Ortega,* 792 S.W.2d at 453; *State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d 463, 464 (Tex. 1989); *Caldwell v. Barnes,* 941 S.W.2d 182, 186–87 (Tex.App.—Corpus Christi 1996), *rev'd on other grounds,* 975 S.W.2d 535, 41 TEX. SUP. CT. J. 780, (May 8, 1998) (op. not yet released). The petitioner must further state sworn facts sufficient to constitute a meritorious claim and, as a pretrial matter, present prima facie proof to support her contention. *1985 Chevrolet Pickup Truck,* 778 S.W.2d at 464; *State, By and Through Mattox v. Buentello,* 800 S.W.2d 320, 325 (Tex. App.—Corpus Christi 1990, no writ). The trial court should then conduct a pre-trial hearing in which the only relevant inquiry is whether the petitioner has presented prima facie proof of a meritorious defense. *Beck v. Beck,* 771 S.W.2d 141, 142 (Tex.1989); *Buentello,* 800 S.W.2d at 325.

In her first issue, appellant contends the court erred in not conducting the requisite pre-trial hearing. When the hearing commenced, appellant's counsel stated to the court that the sole issue before the court was whether there was a prima facie showing of a meritorious defense to the underlying termination action. Although the court informed counsel he was not going to allow her to "reopen" the case, appellant was allowed to testify and present the testimony of the child's attorney ad litem.[5] The court proceeded to deny the bill of review. In the

---

4. "T.R.R., a minor child, by and through her ad litem, Javier Gonzalez, asserts and raises the legal doctrines of laches, estoppel, and waiver."

5.
  COURT: So, I mean, if you want to present evidence on this bill of review for perfection of

order, the court made the following relevant findings:

2. Petitioner was not prevented in any way, either by fraud, accident or any wrongful acts of the Respondents, from making a meritorious claim or defense in the former suit. If Petitioner failed to set forth a meritorious claim or defense, it was by her own fault and negligence.

4. On August 21, 1995, the trial court made adequate findings, heard evidence and had statutory grounds for termination of the parental rights of Petitioner as required by the Texas Family Code, Section 161.001 et seq. Respondents, the Roth[s] have taken care of and supported the child the child [sic] since birth which is August 4, 1994.

We conclude, therefore, that proper procedure was followed in making an initial determination regarding the presentation of a meritorious defense.

Appellant's first issue is overruled.

In issues two, three and four, appellant claims the trial court erred in denying her bill of review because a meritorious defense was asserted and an official mistake prevented her from asserting the defense.

## MERITORIOUS DEFENSE

■ Section 161.001 of the Texas Family Code sets out the proof necessary for an involuntary termination of parental rights. First, there must be a finding that the parent has committed one or more of eighteen enumerated acts and second, that the termination is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001 (Vernon Supp.1998).

■ Before parental rights may be terminated, there must be a finding of *specific* conduct under section 161.001(a), as well as a finding that termination is in the best interest of the child. *Richardson v. Green,* 677 S.W.2d 497, 499 (Tex.1984). The trial court may not terminate the parent-child relationship solely on the finding that it is in the best interest of the child. *Holley v. Adams,* 544 S.W.2d 367, 370 (Tex.1976).

■ Neither the Roths's original petition nor the court's judgment recite any of the statutory grounds for termination set out in section 161.001 of the Texas Family Code. The Roths merely alleged termination would be in T.R.R.'s best interest and that appellant "since 1983 has been mentally unstable. She has been diagnosis [sic] as schizophrenic. She is in and out of mental hospitals. She is unable to take care of the minor child." [6] The court's order terminating appellant's parental rights stated: "The Court finds that the parent-child relationship between LETICIA OCHOA ROTH and [T .R.R.], the child, should be terminated for the reasons that the biological mother is unfit and Petitioners CHARLES P. ROTH and TERESA P. ROTH desire to adopt the child." The court also found that termination would be in T.R.R.'s best interest.

appeal, I guess that's fine if you want to do that. I'm not going to allow you to proceed or open this case up all over again. Basically, what I'm saying is *I'm not going to grant this at all.*

What is your desire madam?

COUNSEL: Well, Your Honor—Is Your Honor ruling before evidence has been presented to the court—

COURT: Basically, what I'm telling you is I will let you go ahead and present some evidence so you can have that for purposes of appeal, but I'm not going to let you go ahead—I'm not going to reopen the file all over again. *I'm not going to let you get into the files.* I mean, they will be sealed and they can go up to the court of appeals for their discussion and review. But basically everything is going to be sealed.

COUNSEL: Well, Your Honor, we appreciate the opportunity to present testimony from two witnesses. It will be brief, and again it is to preserve the record since Your Honor has indicated he is going to enter an adverse ruling. (Emphasis added).

6. Mental incompetence or mental illness alone are not grounds for termination of the parent-child relationship. *Carter v. Dallas Cty. Child Welfare Unit,* 532 S.W.2d 140, 141–42 (Tex.Civ. App.—Dallas 1975, no writ).

■ In an attempt to overcome the deficiencies, the ad litem contends the language of the petition was sufficient to assert that appellant engaged in conduct that endangered the physical or emotional well being of the child, *see* TEX. FAM. CODE ANN. § 161.001(1)(E) (Vernon Supp.1998), and that a finding to this effect could be construed by the language in the decree. We disagree. A parent whose rights are involuntarily terminated is entitled to sufficiently specific findings so that she will know upon what conduct the court terminated her rights. *See generally, In the Interest of M.H.*, 745 S.W.2d 424, 425 (Tex.App.—Houston [14th Dist.] 1988, no writ) (citing *In re S.H.*, 548 S.W.2d 804, 806 (Tex.Civ.App.—Amarillo 1977, no writ)).

Because the petition failed to state any statutory ground for the termination, and the decree failed to delineate any statutory basis for the termination, we find appellant established a prima facie meritorious defense. *See, In the Interest of S.R.M.*, 601 S.W.2d 766, 769 (Tex.Civ.App.—Amarillo 1980, no writ).

## OFFICIAL MISTAKE

■ The trial court did not appoint appellant counsel. The family code provides that

In a suit in which termination of the parent-child relationship is requested, the court *shall* appoint an attorney ad litem to represent the interests of

(1) an indigent parent of the child who responds in opposition to the termination

TEX. FAM. CODE ANN. § 107.013(a) (Vernon Supp.1998) (emphasis added). In its order denying appellant's bill of review and its findings of fact, the trial court stated, that

[t]he trial court determined that Petitioner, after examination in open court, *did not respond* in opposition to the termination of her parental rights. Therefore, the Court had no duty to appoint an attorney ad litem.

(Underlining in the original) The ad litem echoes this finding and contends appellant consented to the termination proceedings and thus waived her assertion of a meritorious defense. However, the record reveals appellant appeared at the termination hearing and clearly stated, "I want my rights." We find this a clear pronouncement of opposition to the proceedings.

■ The requirement that an attorney ad litem be appointed applies when the parent is indigent. The trial court had before it evidence that appellant was receiving supplemental security income benefits, that she had had no full time employment since 1991, and that the social security administration had determined she was eligible for disability benefits. Receipt of public assistance benefits is prima facie proof of indigency. *Griffin Indus. v. Honorable Thirteenth Court of Appeals*, 934 S.W.2d 349, 351 (Tex.1996); *Goffney v. Lowry*, 554 S.W.2d 157, 159–60 (Tex.1977).

■ The trial court was required to appoint appellant an attorney ad litem in the termination proceeding. The failure to do so is reversible error and calls for a new trial. *Odoms v. Batts*, 791 S.W.2d 677, 680 (Tex. App.—San Antonio 1990, no writ).

## UNMIXED WITH ANY FAULT OR NEGLIGENCE

■ The final element to be established to prevail on a bill of review is that the movant's failure to present the meritorious defense was not due to her own fault or negligence. Appellant was served with the termination papers while she was a patient in the psychiatric center at McAllen Medical Hospital. Just prior to the termination proceeding, she had been hospitalized for gall bladder surgery. She testified at the bill of review hearing that she had been on medication and felt dizzy at the termination hearing. She further stated that she believed the hearing in August 1995 was for the purpose of establishing custody, and not to terminate her parental rights. After the hearing, appellant attempted to procure counsel, but was not able to do so. The court had before it the affidavit of Angelita Garcia, a legal assistant with Texas Rural Legal Aid, Inc.

Ms. Garcia testified that appellant had come to her office on July 18, 1995 (a date before the hearing) and again on August 29, 1995 (a date after the termination). On both occasions, appellant was denied assistance. Based on this record, we cannot say that appellant did not exercise due diligence in asserting her rights to her child.

Issues two, three and four are sustained.

■■■ By issue number five, appellant asserts the trial court erred in awarding the child's attorney ad litem fees and in assessing those fees against her. The ad litem has filed a cross point in which he agrees the trial court erred in assessing his attorney fees against appellant. *See* TEX. FAM. CODE ANN. § 107.105(c) (Vernon 1996) (if indigency of the parents is shown, an attorney appointed in a termination case shall be paid from the general funds of the county). Thus, the only issue we must address is the award of the fees.

Appellant claims the court erred in awarding ad litem fees for the bill of review proceeding because the need for the ad litem's services ended when the termination order was entered. She further claims that because a bill of review is an independent civil suit, brought under the rules of civil procedure and not the family code, the court had no authority to appoint an ad litem.

The issue of an ad litem's continued participation in a case post judgment was addressed by the supreme court in *McGough By and Through Wonzer v. First Court of Appeals*, 842 S.W.2d 637 (Tex.1992). In that personal injury case, the trial court accepted the parties' settlement agreement and thereafter discharged the child's ad litem. Post-settlement, an issue arose concerning the best method for investing the funds the minor was to receive. Because the court perceived a conflict of interest between the child's next friend and the child, the court appointed a second ad litem. The appointment of this second ad litem was challenged by mandamus by the child's next friend.

In finding the trial court did not abuse its discretion in appointing the second ad litem, the supreme court stated:

> When it appointed [the ad litem], the trial court was apparently concerned with protecting [the child's] interest in the present mandamus proceedings and any appeal from its judgment. The fact that the appointment occurred post-judgment is unimportant, since a guardian ad litem [7] may have usefulness for all stages of a case, not just the trial.

*Id.* at 640; (citing *Pleasant Hills Children's Home of the Assemblies of God, Inc. v. Nida*, 596 S.W.2d 947, 951 (Tex.Civ.App.—Fort Worth 1980, no writ)). Here, the trial court continued the ad litem's appointment because appellant's bill of review implicated the propriety of the termination order. We find no merit in appellant's attempt to distinguish this case as one brought under the rules of civil procedure rather than the family code. The ad litem was appointed pursuant to the family code, and thus, we are guided by that code's provisions with respect to the payment of the ad litem's attorney's fees.

The family code provides that "an attorney appointed to represent a child or parent as authorized by this subchapter is entitled to a reasonable fee in the amount set by the court to be paid by the parents of the child unless the parents are indigent." TEX. FAM. CODE ANN. § 107.015(a) (Vernon 1996). Thus, the trial court did not abuse its discretion in awarding the ad litem a reasonable fee for his services.

That portion of issue number five complaining of the appointment of the ad litem in the bill of review proceeding is overruled. The remaining portion of issue number five and the ad litem's cross-point are sustained.

We REVERSE that portion of trial court's judgment denying the bill of review, RENDER judgment that the trial court's August 21, 1995 order of termination and adoption is vacated, and REMAND for a new trial on the termination of appellant's parental rights. TEX. R. APP. P. 43.2(c). We MODIFY the

---

7. We recognize the distinction between a guardian ad litem and an attorney ad litem; however, for purposes of this discussion, it is a distinction without a difference.

remaining portion of the judgment to delete the order that "Costs of suit be taxed against Petitioner Leticia Roth." We further MODIFY the judgment to read, "The attorney ad litem fees shall be paid from the general funds of Cameron County." As modified, we AFFIRM the portion of the judgment awarding ad litem fees. TEX. R. APP. P. 43.2(b).