NUMBER 13-00-749-CV

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

 

IN THE INTEREST OF N.G.,
A.V., P.P., J.R., AND B.D.,

MINOR CHILDREN

 



 

                        On appeal from the 135th District Court

                                  of De Witt County, Texas.

 

 



               OPINION ON MOTION FOR REHEARING

 

         Before Chief Justice Valdez and Justices Hinojosa
and Castillo

                                  Opinion by Justice Castillo

 

We deny Villa=s motion for
rehearing, but write in order to comment on Villa=s assertions on rehearing that the record
indicates she preserved error for our review, and that alternatively, the
question raised before us was one of fundamental error, not requiring an
objection.  We write also to clarify
certain aspects of our opinion on original submission. 








Preservation of
Error

In her motion
for rehearing, Villa contends she preserved error regarding the timing of the
appointment of counsel when Athe issue was
raised by trial counsel to the court in an objection to the testimony of Lloyd
Halliburton and was ruled upon by the trial court@, or alternatively, that the failure to
appoint counsel at the adversary hearing is fundamental error which did not
require an objection.  








Villa=s first
contention is not supported by the evidence. 
The part of the record set out by Villa indicates that Halliburton, a
licensed professional counselor, was called to testify on behalf of the TDPRS.[1]  The agency referred Villa to Halliburton, and
the two met for approximately 22 sessions. 
At trial, Villa=s counsel
objected to his testimony Aas violative of the patient-counselor privilege.@  After voir-dire
examination of the witness, counsel again objected to Halliburton=s release of Aconfidential
information@ and stated
that the release Villa signed allowing disclosure of such information was
signed Aat the time
during which Mrs. Villa had no attorney to advise her in regard to the possible
consequences of that release and which would have been a violation of her
rights.@  She added that she believed Villa Ahad the right
to counseling and legal advice at that time@ and Athe release,
therefore, would be invalid.@   The court then heard additional arguments
from Villa=s counsel that
Villa did not knowingly waive her rights to confidentiality because she did not
have an attorney at the time she signed the documents.  The trial court ruled, AWell, that=s overruled
unless you show me some testimony of some sort.@    

The objection
was directed at the testimony of Halliburton. 
The trial court=s ruling
allowed his testimony.  The statements
regarding lack of appointed counsel at the time of Villa=s signing the
waivers were in support of Villa=s contention
that the releases were not knowingly signed. 
Moreover, even though by its ruling the trial court would revisit the
argument upon Atestimony of
some sort,@ Villa adduced
no evidence that she would not have signed the releases had she had an attorney
at the time she signed them.   Even if we
were to construe her objection as directed at the failure to appoint counsel at
the time she signed the releases or any other time, Villa failed to obtain a
ruling on that objection and so would still have waived her right to complain
on appeal.   Tex. R. App. P.
33.1(a). 

Villa also
argues that the failure to appoint counsel at the time of the adversarial
hearing, or, more specifically, on the first occasion a parent appears in
opposition to a SAPCR which contains a cause of action for termination of
parental rights as an option, was fundamental error which did not require an
objection to preserve error for review, citing Marin v. State, 851
S.W.2d 275 (Tex. Crim. App. 1993).  We disagree.








Fundamental
error is a very narrow doctrine and all Abut the most
fundamental rights are thought to be forfeited if not insisted upon by the
party to whom they belong.@ Marin, 851 S.W.2d at 279.  Marin
involved the right to counsel in a criminal case in which it is well
established there is a constitutional right to counsel which is Awaivable-only,@ see Marin, 851 S.W.2d at
279 and Saldano v. State, 70 S.W.3d 873,
889(Tex. Crim. App. 2002), and it is to that right
that Villa analogizes her claim that the trial court fundamentally erred in not
appointing her counsel at the time of the adversarial hearing.  See the extensive discussion of
fundamental error in Saldano, 70 S.W.3d
886-91, in which the court notes that, in order for an error to be raised on
appeal,  the
rules Arequire a timely and
specific objection...[except] in two relatively small categories of errors:
violations of >rights which are waivable only= and denials of >absolute systemic
requirements.=@ Saldano,
70 S.W.3d at 888.[2]

Considering
then, the question of whether, in a termination suit, the failure to appoint
counsel to an indigent parent at a particular time is a Awaivable-only@ right that
would constitute fundamental error, we note first that
there is no constitutional entitlement to appointment of counsel in every
parental rights termination hearing.   Lassiter v. Dept. of Social Srvcs. of Durham
Co., 452 U.S. 18, 31 (1981).  Much less then can there be a fundamental
constitutional right to have an attorney appointed at a particular time.








 In Texas, there is a statutory right to
counsel when an indigent parent has appeared to oppose a suit in which
termination is requested, Tex. Fam. Code
Ann. '107.013 (Vernon
Supp. 2002), and thus a complete failure to appoint counsel in such
circumstances is error.  In re
T.R.R. 986 S.W.2d 31, 37 (Tex. App.BCorpus Christi
1998, no pet.).  Therefore the right to
counsel of an indigent parent who appears in opposition to a suit requesting
termination might arguably be considered a Awaivable-only@ right.   However, nothing in the Texas family code
mandates that the trial court appoint an attorney for an indigent parent at
any specific time.  Had the
legislature intended that the trial court appoint an attorney at the time of,
or within a specific number of days following, an appearance in opposition to a
SAPCR containing any plea for termination of parental rights, alternative or
not, the legislature could have included the appropriate language in the family
code.  It has not done so.  We decline to enlarge the statute by judicially
engrafting a time requirement that the legislature chose not to impose.  Villa has not cited us any authority from any
court in this state who has chosen to do so and we
have found none.  See In re
J.R.P., 55 S.W.3d 147, 150-51 (Tex. App.BCorpus Christi
2001, pet. denied)(noting that the statute contains no time frame for
appointment of counsel and declining to create one); In re M.J.M.L., 31
S.W.3d 347, 354 (Tex. App.BSan Antonio
2000, pet. denied).  

As Villa had no
constitutional, or even statutory right, to have the
appointment of counsel made at the time of the adversary hearing, she
cannot claim that the trial court fundamentally erred in failing to appoint
counsel at that time.  If Villa
wished to complain of error of the timing of the appointment of counsel on
appeal, she had the duty to object to the trial court.  Tex. R. App. P. 33.1(a).  Having failed to do so, she waived this
complaint.

Due Process Complaints
on Rehearing








Villa further
complains on rehearing of this Court=s finding that
the right to counsel did not attach at the time of the adversary hearing.  Specifically, she argues that if the right to
counsel did not attach at that time, despite the previous filing of a petition
including a request for termination of parental rights as an alternate claim
along with a request for temporary orders pending reunification, this would
violate due process because she was not ever notified that the agency was, in
fact, seeking termination versus reunification. 
She argues thatA[e]ither notice of the decision to seek termination is given
when the petition is served or notice is never required.@

Appellant never
raised any due process argument either to the trial court or this  Court on appeal.  She did not, and does not,
challenge the constitutionality of the statute itself.  She has never before complained that she did
not receive notice of the decision to seek termination.  She does not cite any actual constitutional
authority or language or provide any analysis demonstrating how the statute as
written violates any provision of the state or federal constitution.  We find that the point has been inadequately
briefed, see Tex. R. App. P. 38.1(h),
and was not raised on original submission. 
We will not therefore consider it on a motion for rehearing.  See Morrison v. Chan, 699 S.W.2d 205,
206-07 (Tex. 1985)(appellate court did not err in
refusing to reverse on a ground first raised in a motion for rehearing).








We note also
that Villa appears to have read our original opinion to imply that the right to
court-appointed counsel did not attach in the present case at the time of the
adversarial hearing because TDPRS had not yet indicated whether it intended
to pursue the termination claim which listed as an alternate claim in its SAPCR
petition at the time of the adversarial hearing.  This was not our holding.  While we did note that the record reflected
that TDPRS was pursuing temporary orders, not termination, at the time of the
adversarial hearing, and that by law, at the time of the adversarial hearing,
the issue of termination was not being determined, our holding on the question
of when the court must appoint counsel did not turn on these factors.  Rather, it was predicated on the lack of any
language in section 107.013 placing any requirement that counsel be appointed
at or prior to the adversary hearing.[3]  To the extent that any language in our
opinion may imply that the right to counsel did not attach because TDPRS was
pursuing temporary orders, not termination, at the time of the adversary
hearing, we hereby clarify the basis for our holding. 

Conclusion

We deny Villa=s motion for
rehearing.

ERRLINDA CASTILLO

Justice

Do not publish.

Tex. R.
App. P. 47.3(b).

 

Opinion on motion for rehearing delivered and

filed this 6th day of June,
2002.

 











[1]Texas Department of Protective and
Regulatory Services.





[2] Absolute
systemic requirements include requirements such as jurisdiction of the person
or subject matter or the compliance with the separation of powers section of
the state constitution.  Saldano
v. State, 70 S.W.3d 873, 888 (Tex. Crim. App.
2002).





[3]
Villa=s
misinterpretation may have been abetted by the appendage of the word  Amoreover@
between our discussion of the posture of the case and our analysis.