Affirmed and Memorandum Opinion filed November 24, 2004









Affirmed and Memorandum Opinion
filed November 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00110-CV

____________

 

IN THE INTEREST OF J.H.

___________________________________________________

 

On Appeal from the 313th District Court

Harris County, Texas

Trial Court Cause No. 01-15960

___________________________________________________

 

M E M O R A N D U M   O P I N I O N

In this appeal, we must determine
whether the trial court erred in denying Charlene Bauter=s bill of
review.  Because Bauter=s bill of
review is barred by section 161.211 of the Texas Family Code, we affirm.

I.  Factual and
Procedural Background

On January 9, 1995, Harris County
Children=s
Protective Services filed suit against Bauter for emergency protection and
managing conservatorship of her minor child, J.H.  The pleadings were subsequently amended to
request termination of Bauter=s
parental rights.








After a bench trial, the trial
court terminated Bauter=s
parental rights on May 26, 1998. Bauter filed a motion for new trial.  Although the trial court did not sign an
order granting the new trial, the trial court held a jury trial and purportedly
terminated Bauter=s
parental rights again in a judgment signed on May 19, 1999.

Bauter appealed the May 19, 1999
judgment.  The First Court of Appeals
held that the trial court lacked jurisdiction to enter the May 19, 1999
judgment because the trial court did not sign an order granting a new trial
from the May 1998 bench trial.  See In
re J.H., 39 S.W.3d 688, 689B90 (Tex.
App.CHouston
[1st Dist.] 2001, no pet.).  Because
Bauter did not timely appeal from the May 26, 1998 judgment, Bauter filed a
bill of review.  The trial court denied
the bill of review.

II.  Issue and
Analysis

In her first issue, Bauter
contends her bill of review is not barred by section 161.211 of the Texas
Family Code.  Section 161.211 provides
that Athe
validity of an order terminating the parental rights of a person who has been
personally served . . . is not subject to collateral or direct attack after the
sixth month after the date the order was signed.@  Tex.
Fam. Code Ann. '
161.211(a) (Vernon 2002).  Bauter does
not dispute that she was personally served, that her bill of review is a
collateral or direct attack, or that she filed her bill of review more than six
months after the termination order was signed. 
However, Bauter disputes that section 161.211 is applicable to this
case.

Bauter argues that section 161.211 is inapplicable
because this proceeding is based on a suit filed on January 9, 1995 C before
the enactment of section 161.211. 
However, the statute expressly provides: 

This Act takes effect
September 1, 1997.  This Act applies only
to an adoption order or order terminating parental rights signed on or after
the effective date of this Act.  An adoption
order or order terminating parental rights signed before the effective date of
this Act is governed by the law as it existed before the effective date of this
Act, and that law is continued in effect for that purpose.








Act of May 28, 1997, 75th Leg., R.S., ch.
601, ' 3, 1997
Tex. Gen. Laws 2118.  By referring to the
date the Aorder terminating parental rights
[was] signed,@ id., the statute makes
clear that the relevant date is not the date the suit was filed, but the date
the order terminating parental rights was signed.  In this case, the order terminating Bauter=s
parental rights was signed on May 26, 1998, after the effective date of the
Act.  Thus, section 161.211 bars Bauter=s bill of
review.

Appellant cites T.R.R. for
the proposition that Athe
legislature made no provision that section 161.211 would apply to pending
suits.@  In re T.R.R., 986 S.W.2d 31, 35 (Tex.
App.CCorpus
Christi 1998, no pet.).  However, T.R.R.
is distinguishable because the order terminating parental rights in that case
was signed on August 21, 1995, before the effective date of the Act.  See id. at 34.  Thus, the T.R.R. court was not
presented with the issue presented in this case.

III. 
Conclusion

We conclude that section 161.211
of the Texas Family Code bars Bauter=s bill of
review.  Accordingly we overrule
appellant=s first issue and affirm the
judgment of the trial court.[1]

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Memorandum Opinion filed November 24, 2004.

Panel consists of Justices Anderson, Hudson, and Frost.

 











[1]  Based on our
disposition of Bauter=s first issue, we need not address her remaining
issues.