**Opinion filed January 17, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00203-CV

_____

## IN THE INTEREST OF J.R. AND I.R., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8126-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and father of J.R. and I.R.[1]  On appeal, the mother presents two issues related to her statutory right to be represented at trial by a court-appointed attorney.  We reverse in part and remand.

### I. *Background Facts*

The Department of Family and Protective Services filed a petition to terminate the mother's parental rights to her children.  The petition was filed on July 20, 2015, and the trial court appointed Stacey Chapman as the mother's attorney ad litem on

---

[1]We note that each parent filed a notice of appeal.  However, the father subsequently filed a motion to dismiss his appeal, and this court granted his motion on November 3, 2016.

July 31, 2015. Chapman represented the mother at the adversary hearing that was held on August 7, 2015. Thereafter, on August 31, 2015, Chapman filed a motion to withdraw as counsel for the mother. Attached to Chapman's motion were two exhibits: a letter from the mother and e-mail correspondence between Chapman and the mother.

Both exhibits reflect that the mother was extremely displeased with Chapman's representation and that the mother attempted, unilaterally, to terminate her attorney-client relationship with Chapman. In the letter, the mother notified Chapman that Chapman was "hereby released from any obligation and or contract to litigate on my behalf or to represent me as legal counsel, effective immediately." Chapman informed the mother that her "release" of Chapman was ineffective and that the trial court would have to allow Chapman to withdraw in order for Chapman to be released from her duties to represent the mother. The mother replied:

> I don't need permission to dismiss an attorney who does not put in the work needed. You talking about the service plan clearly shows you have no regard to your wrongdoing in this matter. . . . From the day we walked into your office you have belittle[d] my family. You did not speak on anything that was asked [of] you nor did you allow me to tell you in court what needed to be said. I refuse to allow you to treat me like a criminal or [a] child. I will attempt to raise money to hire a competent attorney before I allow you to . . . .

On September 9, 2015, the trial court held a hearing on Chapman's motion to withdraw as counsel for the mother. The mother did not appear for the hearing. The trial court granted Chapman's motion to withdraw but did not appoint an attorney to take Chapman's place as counsel for the mother. The mother subsequently filed a pro se motion to dismiss the petition and a pro se motion to disqualify the judge. Shortly thereafter, the mother must have requested that another attorney be appointed to represent her because, on October 1, 2015, the trial court informed the mother by letter that her "request for another Court Appointed Attorney has been denied." The

trial court explained in the October 1 letter that the mother did not qualify for another court-appointed attorney because the mother was responsible for Chapman's withdrawal.

In a document filed on January 8, 2016, the mother asked that the trial court reconsider her request for a court-appointed attorney. In this filing, the mother asserted her right to counsel as an indigent parent and stated that she could not represent herself properly, as she quickly discovered at a status hearing. When the final hearing on termination commenced on June 10, 2016, the trial court addressed the mother's motion to reconsider her request for another attorney. The trial court ruled that, although it had found the mother to be indigent and had appointed an attorney to represent her, the mother had "discharged that attorney and, accordingly, . . . is not entitled to a second court-appointed attorney." The final hearing proceeded after this ruling.

The mother was without counsel and represented herself at the final hearing. The record shows that she did not cross-examine any of the witnesses, lodge any objections, or call any witness to testify on her behalf. At the end of that hearing, the trial court terminated the mother's parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2016).

## II. *Right to a Court-Appointed Attorney*

In Texas, an indigent parent has a statutory right to court-appointed counsel in a case brought by the Department to terminate the parent's parental rights. *Id.* § 107.013(a)(1); *In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016); *In re B.G.*, 317 S.W.3d 250, 253 (Tex. 2010); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003). This statutory right to counsel includes the right to effective assistance of counsel. *M.S.*, 115 S.W.3d at 544, 550. Once appointed under Section 107.013(a), an attorney cannot withdraw without good cause and the court's permission. *B.G.*, 317 S.W.3d at 254. In *P.M.*, the Texas Supreme Court stated: "Courts have a duty to

see that withdrawal of counsel will not result in foreseeable prejudice to the client. If a court of appeals allows an attorney to withdraw, it must provide for the appointment of new counsel to pursue a petition for review." 2016 WL 1274748, at *3 (footnote omitted).

*A. Motion to Withdraw: Good Cause*

In her first issue, the mother asserts that the trial court erred when it granted Chapman's motion to withdraw because good cause did not exist for Chapman's withdrawal. We disagree. Chapman asserted in her motion that good cause existed for her withdrawal because she was unable to effectively communicate with the mother. The exhibits attached to Chapman's motion reveal the discord in their attorney-client relationship. The record indicates that the motion to withdraw was not based on mere dissatisfaction but that the relationship between Chapman and the mother had deteriorated to such an extent that good cause existed for Chapman's withdrawal. *See id.* at *3–4. Consequently, we hold that the trial court did not abuse its discretion when it granted Chapman's motion to withdraw as counsel. We overrule the mother's first issue.

*B. Denial of Subsequent Requests for Attorney*

In her second issue, the mother contends that the trial court erred when it refused to grant the mother's request for new counsel and left her without counsel in violation of Section 107.013(a)(1). We agree.

We first note that the Department suggests that the mother invited error when she attempted to release Chapman as her counsel, failed to appear at the hearing on Chapman's motion to withdraw, and filed pro se motions after Chapman withdrew. The Department cites *In re R.H.* in support of its position. *See In re R.H.*, No. 01-14-00874-CV, 2015 WL 4594557, at *7–8 (Tex. App.—Houston [1st Dist.] July 28, 2015, no pet.) (mem. op.). Although the mother may have invited the trial court's decision to permit Chapman to withdraw, the mother subsequently requested

4

replacement counsel well before the final hearing and, thus, did not invite the trial court's decision to refuse such requests. The Department does not address the doctrine of invited error with regard to the trial court's denial of the mother's subsequent requests for a court-appointed attorney, and we do not believe that the invited-error doctrine applies to this issue under the circumstances in this case. The mother was indigent and expressly requested that counsel be appointed.

Based upon the clear mandate of the legislature and the supreme court that an indigent parent is entitled to a court-appointed attorney ad litem in a case of this type, we hold that the trial court abused its discretion when it refused to grant the mother's requests for another court-appointed attorney after the trial court permitted Chapman to withdraw. *See* FAM. § 107.013(a)(1), (a-1), (d), (e); *P.M.*, 2016 WL 1274748, at *3; *In re B.G.*, 317 S.W.3d at 253; *In re M.S.*, 115 S.W.3d at 544. The trial court's failure to grant these requests for counsel constitutes reversible error. *See In re V.L.B.*, 445 S.W.3d 802, 806–08 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *In re C.D.S.*, 172 S.W.3d 179, 185–86 (Tex. App.—Fort Worth 2005, no pet.); *In re M.J.M.L.*, 31 S.W.3d 347, 354 (Tex. App.—San Antonio 2000, pet. denied); *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex. App.—Corpus Christi 1998, no pet.). Consequently, we sustain the mother's second issue.

## III. *This Court's Ruling*

We reverse the trial court's order insofar as it terminated the mother's parental rights, and we remand this cause to the trial court for further proceedings. Any proceeding on remand must be commenced within 180 days of this court's mandate. TEX. R. APP. P. 28.4.


January 17, 2017                                        MIKE WILLSON

Panel consists of: Wright, C.J.,                        JUSTICE
Willson, J., and Bailey, J.