

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00361-CV

———————————————

IN THE INTEREST OF M.P., A CHILD

---

On Appeal from the 235th District Court
Cooke County, Texas
Trial Court No. CV17-00659

---

Before Pittman, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I. Introduction

This is an ultra-accelerated appeal[1] in which Appellant S.P. (Mother) appeals the termination of her parental rights to her son Michael[2] following a bench trial. Mother's sole issue is whether the trial court violated her statutory and constitutional rights by failing to appoint counsel because she had filed an affidavit of indigency prior to the termination trial. The Department of Family and Protective Services concedes that the trial court's failure to appoint counsel for Mother constitutes error. Because a trial court is required to appoint an attorney ad litem to represent an indigent parent in a government-initiated termination proceeding and because the failure to do so constitutes reversible error, we reverse and remand for the trial court to appoint counsel for Mother and to conduct a new trial.

## II. Procedural Background[3]

During the pretrial hearing on October 18, 2018, Mother sought to have counsel appointed to represent her. The record includes a statement of inability to

---

[1] *See* Tex. R. Jud. Admin. 6.2(a) (requiring appellate court to dispose of appeal from a judgment terminating parental rights, so far as reasonably possible, within 180 days after notice of appeal is filed).

[2] *See* Tex. R. App. P. 9.8(b)(2) (requiring court to use aliases to refer to minors in an appeal from a judgment terminating parental rights).

[3] Because this appeal involves solely the failure to appoint counsel for Mother, we need not set forth facts related to the removal of the child or summarize the testimony given during the termination trial.

afford payment of court costs filed by Mother that same day. That document reflects that Mother had a monthly income of $500. Due to some confusion, Mother left the pretrial hearing and was not appointed counsel.[4]

The termination trial proceeded four days later before a visiting judge. At the outset of the termination trial, the visiting judge announced the parties and asked whether Mother was representing herself pro se. Mother responded that she had applied for a court-appointed attorney but that none had been appointed. The Department responded that it was not in Michael's best interest to continue the termination trial to another date in order for Mother to be appointed counsel. The attorney ad litem for the child implicitly opposed any continuance for the appointment of counsel for Mother, stating that the primary concern was permanency for Michael because the case had been ongoing "for quite a while." The visiting judge concluded,

> Everybody is here today. [The termination trial has] been scheduled for a long time. There's been failures to appear. The child is coming up on -- the case is coming up on a deadline[,] and the child needs to have some permanency. I'm going to proceed at this time without appointing an attorney.
>
> [Mother], I will give you every opportunity to speak for yourself. I will be lenient with your presenting your case and what you want to say so -- but, you know, and I'll certainly listen to what you have to say and

---

[4]Thus, although Mother asserted her right to counsel by filing an affidavit of indigency and although a hearing to determine Mother's right to counsel was scheduled—as a matter to be heard and determined during the pretrial hearing—no evidence was heard on the matter, and Mother's right to counsel was ultimately not determined at the pretrial hearing due to the confusion that ensued.

just because you don't have an attorney doesn't mean I do not, you know, value what you're trying to present to the Court.[5]

The termination trial then commenced, and Mother's parental rights to Michael were terminated. Following the termination trial, Judge Janelle Haverkamp (the presiding judge of the trial court) appointed counsel for Mother to appeal the termination of her parental rights.[6]

### III. Mother Was Entitled to Appointed Counsel

In her sole issue, Mother argues that the trial court violated her statutory and constitutional rights by failing to appoint counsel for her prior to proceeding with the termination trial.

The Texas Family Code provides that in a suit filed by a governmental entity in which termination of the parent-child relationship is requested, the court shall appoint an attorney ad litem to represent the interests of an indigent parent who responds in opposition to the termination. Tex. Fam. Code Ann. § 107.013(a)(1). A parent's filing of an affidavit of indigency "trigger[s] the process for mandatory appointment of an attorney ad litem." *In re V.L.B.*, 445 S.W.3d 802, 805–07 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (op. on reh'g) (citing Tex. Fam. Code Ann. § 107.013(d)).

---

[5]Thus, at the outset of the termination trial, the trial judge was made aware that Mother had filed an affidavit of indigency but had not been appointed counsel.

[6]The letter appointing counsel lists the style of the case as "The State of Texas v. [Mother]" and states that Mother has been convicted of a felony but that she is not in jail. Because the letter was filed in the underlying termination case and references the civil cause number that matches the one on the termination order, it appears that the wrong form letter for appointing counsel was used.

Complete failure of a trial court to appoint counsel for indigent parents constitutes reversible error. *See id.* at 808; *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex. App—Corpus Christi 1998, no pet.).

Here, the Department does not challenge that Mother is indigent but rather acknowledges that the appointment of appellate counsel for Mother supports the fact that she is indigent. The Department further acknowledges that when Mother filed her affidavit of indigency, that triggered the trial court's mandatory duty to appoint her an attorney upon a finding of indigence. The Department thus "concedes that upon executing her affidavit of indigency at the behest of the judge presiding over the pretrial hearing, the trial court should have addressed [Mother's] affidavit of indigence prior to the trial on the merits and should have appointed her an attorney *ad litem.*" We agree and hold that the trial court reversibly erred by failing to appoint an attorney ad litem for Mother before proceeding with a trial on the merits. *See V.L.B.*, 445 S.W.3d at 808 (based on mandatory nature of appointment of counsel for indigent parent, holding that trial court erred by proceeding to termination trial without first considering indigence affidavit filed the week before). Accordingly, we sustain Mother's sole issue.

## IV. Conclusion

Having sustained Mother's sole issue, we reverse the portion of the judgment specifically terminating Mother's parental rights to Michael and remand the case back to the trial court for appointment of counsel for Mother and for a new trial; we leave

undisturbed the remainder of the trial court's judgment. Any proceeding on remand must be commenced within 180 days of this court's mandate. *See* Tex. R. App. P. 28.4(c).

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 7, 2019