

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-18-00329-CV

———————————————

IN THE INTEREST OF M.H. AND C.H., CHILDREN

On Appeal from the 231st District Court
Tarrant County, Texas
Trial Court No. 231-527816-13

Before Sudderth, C.J.; Pittman and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In a single issue, Appellant Father appeals the trial court's order terminating his parental rights to his two children. *See* Tex. Fam. Code Ann. § 161.001. Father complains of the trial court's failure to appoint an attorney ad litem to represent him. *See id.* § 107.013. Based on the facts and circumstances of this case, we agree with Father, reverse the trial court's judgment, and remand the cause for a new trial.

## Background

Appellee, the Department of Family and Protective Services (DFPS), brought suit to terminate Father's parental rights to his two children in June 2017. Father appeared pro se at the emergency temporary orders hearing that month, but he subsequently retained an attorney. Father's attorney attended several hearings with him and filed certain motions on his behalf. On June 7, 2018, Father's attorney filed a motion to withdraw from the case. Although the attorney stated that Father requested that she withdraw, Father refused to sign an agreed motion to withdraw. The motion to withdraw was granted twenty days later, and the corresponding order notified Father of the final hearing scheduled for September 26, 2018.

Father appeared pro se at the August 23 "permanency hearing before final order." *See id.* § 263.305 (providing that a permanency hearing before entry of a final order shall be held not later than the 120th day after the date of the last permanency hearing in the suit). Father again appeared pro se at the September 26 final hearing.

2

Father's issue on appeal arises from this exchange with the trial court at the September 26 final termination hearing:

> THE COURT: Okay. And you're here representing yourself; is that correct?
>
> [FATHER]: Yes, sir.
>
> THE COURT: All right. Tell me everything you want to tell me before we got [sic] started.
>
> [FATHER]: I hired the lawyer and after my court date, May 14th - - due to representing - - representation, by then I'd been trying to find new a job, new work. I've been put out of a truck - - truck driving, location engineering going from Texas to California. Due to the situation that my kids has been gone, kidnapped from their home. I've been put out of work. I've been trying to find new work, trying to find a new way of making - -
>
> THE COURT: All right. Hold on a second. That's not what I'm asking you.
>
> What happened to your attorney?
>
> [FATHER]: My lawyer, I fired.
>
> THE COURT: Okay. Was that a Court-appointed attorney?
>
> [FATHER]: No. I paid her. On June 8th. Last June
>
> THE COURT: So she was - - you hired her?
>
> [FATHER]: Yes, sir.
>
> THE COURT: Private hire.
>
> Okay. Have you been back since asking for a court-appointed attorney?
>
> [FATHER]: No, Your Honor.
>
> THE COURT: Why not?

[FATHER]:  I've been busy working.

THE COURT:  All right.  So you want to represent yourself here today?

[FATHER]:  For today, Your Honor, you can let me have one.

THE COURT:  Okay.  All right.  Have a seat.  You represent yourself.

All right.

[State calls its first witness.]

THE COURT:  Sir, you understand that we're - - [Father], you understand that we're . . . asking to terminate your parental rights today, right?

[FATHER]:  [No verbal response.]

THE COURT:  Is that a "yes"?

[FATHER]:  Yes, I understand that, Your Honor.

The trial court proceeded with the trial.  Father represented himself pro se during the entire proceeding, at the conclusion of which Father's parental rights were terminated.  After the trial, the trial court found that Father was indigent and appointed appellate counsel for Father.  This appeal followed.

## Discussion

Parental rights are sacred; they encompass a value "far more precious than any property right." *In re E.R.*, 385 S.W.3d 552, 555 (Tex. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758–59, 102 S. Ct. 1388, 1397 (1982)).  So when the State seeks to permanently sever parental rights, the State and the trial court must "observe fundamentally fair procedures."  *Id.* (citing *Santosky*, 455 U.S. at 747–48, 102 S. Ct. at

4

1391–92). As a reviewing court, we must carefully scrutinize termination proceedings and strictly construe involuntary-termination statutes in the parent's favor. *In re E.N.C.*, 384 S.W.3d 796, 802 (Tex. 2012); *see E.R.*, 385 S.W.3d, at 563; *Holick v. Smith*, 685 S.W.2d 18, 20–21 (Tex. 1985).

Indigent parents are entitled to the assistance of appointed counsel in termination proceedings brought by DFPS. Tex. Fam. Code Ann. § 107.013(a)(1) (requiring the trial court to appoint an attorney ad litem to represent the interests of an indigent parent who responds in opposition to the termination of his or her parental rights). The complete failure of a trial court to appoint counsel for an indigent parent has been held to constitute reversible error. *In re V.L.B.*, 445 S.W.3d 802, 808 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding trial court erred by failing to consider mother's affidavit of indigency and appoint an attorney ad litem to represent her before proceeding with termination trial); *see also In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016) (discussing indigent parent's right to appointed counsel for proceedings in the trial court and court of appeals and to file a petition for review in the supreme court); *cf. Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986) ("The right to counsel is a valuable right; its unwarranted denial is reversible error.").

Although Father's response, "For today, Your Honor, you can let me have one" to the trial court's question, "So you want to represent yourself here today?" was not directly responsive to the precise question asked, in context we interpret Father's statement as a request for counsel. But based upon the trial court's response, it

5

appears that the trial court did not interpret Father's response in such manner. At best, a breakdown in communication occurred during this exchange.

Even affording the trial court the benefit of the doubt that Father's statement was ambiguous, we nevertheless hold that it was the trial court's responsibility, not the pro se litigant's, to seek clarification as to any ambiguity and to pursue the matter until Father's desire became manifest. Therefore, under these circumstances, we hold that the trial court reversibly erred by failing to inquire into Father's indigency[1] at that point and into Father's desire to have an attorney appointed to represent him during the termination hearing.[2] *See* Tex. R. App. P. 44.1; *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex. App.—Corpus Christi 1998, no pet.) (holding that trial court reversibly erred when it did not appoint an attorney to represent indigent mother who appeared at termination hearing and stated, "I want my rights").

---

[1]The State argues that there was no evidence of indigency because Father had not filed an affidavit of indigency, but this argument ignores the context that gave rise to the discussion of a court-appointed attorney in the first place. At the beginning of his discussion with the trial court, Father explained that he had lost his job as a long-haul trucker and that he was trying to figure out how to make a living. After Father revealed his unemployment situation, the trial court asked him why he had not asked for a court-appointed attorney, indicating that the trial court at least considered the need for a court-appointed attorney to be within the realm of possibility. And the record shows that the trial court found Father to be indigent a little over a month after the final hearing and appointed counsel to represent him on appeal.

[2]In so holding, we also reject the State's argument that Father waived any error by failing to obtain a ruling on his request for appointed counsel. *See* Tex. R. App. P. 33.1. The trial court's response of "Have a seat. You represent yourself," can be reasonably interpreted as a denial of Father's request for counsel, thereby preserving error.

We therefore sustain Father's sole issue on appeal.

## Conclusion

Having sustained Father's sole issue on appeal, we reverse the trial court's order terminating Father's parental rights and remand for a new trial on the issue of the termination of Father's parental rights.  Tex. R. App. P. 43.2(d).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Delivered: March 21, 2019