COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



THIRD ORDER OF CONTINUING ABATEMENT

Appellate case name:   In the Interest of C.J., a Child

Appellate case number:  01-19-00704-CV

Trial court case number:  2018-00169J

Trial court:     313th District Court of Harris County

   This is an accelerated appeal from an order terminating the parental rights of appellant, S.W.  On September 18, 2019, appellant filed a notice of appeal of the trial court's September 5, 2019 "Final Decree for Termination."  *See* TEX. R. APP. P. 25.1, 26.1(b), 28.4.  The appellate record was due in this Court on September 30, 2019.  *See id.* 4.1(a), 28.4, 35.1(b).  A clerk's record was filed on October 1, 2019; however, a reporter's record has not been filed.

   On January 28, 2020, because appellant is **indigent**, we ordered that **appellant could proceed with her appeal without payment of court costs**.  *See* TEX. R. CIV. P. 145(c) ("'Costs' means any fee charged by the court or an officer of the court that could be taxed in a bill of costs, including, but not limited to, filing fees, fees for issuance and service of process, fees for a court-appointed professional, and fees charged by the clerk or court reporter for preparation of the appellate record.").

   Since January 28, 2020, we have twice directed the court reporter(s)[1] to file a reporter's record from trial.  *See* TEX. R. APP. P. 28.4, 35.1(b).  The reporter's record is currently due on **March 2, 2020**.  **We expect the court reporter(s) to adhere to this deadline irrespective of whether this appeal is abated for appointment of appellate counsel**.

   We have also abated this appeal and remanded the case to the trial court with instructions to appoint counsel to represent appellant on appeal and to have a supplemental clerk's record reflecting that appointment filed with the Clerk of this Court.  *See* TEX. FAM. CODE ANN. § 107.013(a)(1), (d) (requiring court to appoint attorney ad litem to represent "indigent parent of the child who responds in opposition to the termination" of her parental rights); *In re B.C.*, No. 19-0306, --- S.W.3d ---, 2019 WL 6972235, at *1–4 (Tex. Dec. 20, 2019); *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (in order abating appeal for appointment of counsel, holding Texas Family Code section 107.013 requires appointed counsel to represent client through all proceedings

---

[1]   There appears to be two court reporters involved in this appeal, Kim Weidenheft and Stephanie Wilson.

through exhaustion of appeals unless good cause other than the existence of a frivolous appeal is shown).

Most recently, on February 10, 2020, we again ordered the trial court to appoint Karlene Poll,[2] without delay, to represent appellant on appeal and to have a supplemental clerk's record reflecting the appointment filed with the Clerk of this Court by February 20, 2020. *See In re Ritchie*, No. 01-02-00992-CV, 2002 WL 31697757, at *1–2 (Tex. App.—Houston [1st Dist.] Nov. 15, 2002, orig. proceeding) (not designated for publication) (when trial court was required to appoint attorney to represent parent in termination proceeding, ordering trial court to appoint specific attorney). The trial court did not adhere to this Court's order. Instead, we received a supplemental clerk's record stating that "[n]o court order has been signed appointing attorney Karlene Poll as counsel for appellant."

In a suit filed by a governmental entity to terminate the parental rights of an indigent parent who responds in opposition to the suit, **the trial court is required to appoint an attorney to represent the parent**. *See* TEX. FAM. CODE ANN. § 107.013(a)(1), (d); *In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003); *In re Ritchie*, 2002 WL 31697757, at *1–2; *In re T.R.R.*, 986 S.W.2d 31, 37 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.). This includes counsel to represent an indigent parent on appeal. **When a trial court has failed to appoint an attorney to represent an indigent parent in the past, we have granted mandamus relief in favor of the indigent parent and against the trial court**. *In re Ritchie*, 2002 WL 31697757, at *1–2; *see also In re T.R.R.*, 986 S.W.2d at 37 (failure to appoint attorney to represent indigent parent constitutes reversible error).

Because we still have not received a reporter's record or a supplemental clerk's record containing an order reflecting the appointment of Karlene Poll as appellate counsel for appellant, we again **ORDER the trial court to appoint attorney Karlene Poll, without delay, to represent appellant on appeal and to have a supplemental clerk's record containing an order reflecting this appointment filed in this appeal with the Clerk of this Court no later than 10 days from the date of this order**. If the supplemental clerk's record is not timely filed, the Court may require the trial court judge to appear and show cause why counsel has not been appointed and why the supplemental clerk's record has not been filed.

Because this appeal involves the termination of the parent-child relationship, the Court is required to bring appellant's appeal to final disposition within 180 days of September 18, 2019, the date the notice of appeal was filed in this proceeding, so far as reasonably possible. *See* Tex. R. Jud. Admin. 6.2, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. Thus, we request that the aforementioned matters be expedited at all levels. Counsel's brief will be **due 20 days from the date that counsel is appointed or the date that the reporter's record is filed, whichever is later.** *See* TEX. R. APP. P. 28.4, 38.6(a).

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed with the Clerk of this Court.

---

[2]     As previously noted, attorney Karlene Poll has indicated to this Court her desire to represent appellant on appeal and has assured the Court that she will "proceed with minimal delay."

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
☑ Acting individually    ☐ Acting for the Court

Date: ___February 24, 2020___